WILLIAM M. BERKSHIRE, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, December 10, 1887.

RESTRAINING OF DOMESTIC ANIMALS FROM RUNNING AT LARGE—FORMER AND PRESENT LEGISLATION.—The act of 1879 (ch. 159, Rev. Stat.) provides for the restraining of swine. In 1883 (Laws of Mo. 1883, p. 26), the legislature adopted an act which provides for the restraining "of any animal of the species of horse, mule, ass, swine, sheep, or goat." This latter act was intended to regulate the whole subject, and on the principle that "a subsequent statute revising the whole subject-matter of a former one and evidently intended as a substitute for it, although it contains no express words to that effect, must operate to repeal the former," it repealed the act of 1879.

APPEAL from Cass Circuit Court, HON. CHARLES W. SLOAN, Judge.

*Affirmed.*

The case is stated in the opinion.

ADAMS & BOWLES, for the appellant.

I. The court erred in refusing to give the defendant's declaration of law, at the close of the whole case, to the effect that, under the evidence, the plaintiff was not entitled to recover. *Railroad v. Lea*, 20 Kas. 353; *Railroad v. Landis*, 24 Kas. 406; *Railroad v. Dyche*, 28 Kas. 200; *Railroad v. Mossman*, 30 Kas. 336; *Railroad v. Riggs*, 31 Kas. 622; *Boyle v. Railroad*, 21 Mo. App. 419.

II. The plaintiff, having voluntarily permitted his stock to run at large, in violation of the statute making it unlawful for domestic animals to run at large outside the enclosure of the owner (2 Rev. Stat., ch. 109), cannot now complain of defendant for an injury brought about by his own unlawful act. *Bowman v. Railroad*, 85 Mo. 533.

III. In permitting his stock to run at large, with his knowledge and consent, the plaintiff was guilty of such contributory negligence as will preclude his recovery. *Bowman v. Railroad*, 85 Mo. 539; *Stanley v. Railroad*, 84 Mo. 631. In this latter case our Supreme Court held to the doctrine of contributory negligence, as stated in the Kansas cases, *supra*.

IV. The court erred in refusing the defendant's second instruction. It states the law as declared by our own court in the cases cited *supra*. There is a distinction to be drawn between the act of 1883 (which is now in force), and the law in respect to domestic animals running at large, in force at the time the injury, in the case at bar, happened. Rev. Stat. ch. 109. In the fifth section of the act of 1883, it is declared that "nothing herein contained shall be construed to lessen or interfere with the obligations of the several railroads in this state to fence the right-of-way of such railroads, as is now provided by law." This, it seems to us, clearly indicates a change in the law, else why should it be put there? We do not contend that the law is, that if the plaintiff had been an adjoining proprietor he could not recover in a case where his stock escaped on to the railroad track from his own premises by reason of the want of a fence. There could be nothing unlawful in keeping his animals on his own premises, which he would have a right, and which it would be his duty to do, although they might be technically trespassing upon the railroad premises. But when the owner allows his stock to run at large, in violation of law, with his knowledge and consent; and the railroad company also fails to fence, as required by the statute, both are equally guilty of a violation of the law. In such a case the owner of the stock cannot recover for an injury which was brought about as much by his own wrong as that of the railroad company. *Boyle v. Railroad, supra.*

GEO. BIRD and RAILEY & BURNEY, for the respondent.

I.  Plaintiff is entitled to recover under section 809, Revised Statutes, regardless of the stock law of 1879. *Krebs v. Railroad*, 21 N. W. Rep. 131; *Lee v. Railroad*, 23 N. W. Rep. 299; *Sims v. Railroad*, 24 N. W. Rep. 388; *Atchison v. Railroad*, 6 Pac. Rep. 908; *Spencer v. Railroad*, 25 Iowa, 139; *Bowman v. Railroad*, 85 Mo. 533; *Stanley v. Railroad*, 84 Mo. 625; *Morrow v. Railroad*, 17 Mo. App. 103; *Boyle v. Railroad*, 21 Mo. App. 416; *Alabama v. Railroad*, 71 Ala. 545; *Fritz v. Railroad*, 34 Iowa, 337.

II.  It can make no difference whether the negligence of the injured party contributed to the injury or not.  The enforcement of the law requiring railway companies to fence their roads concerns the public, and the violation of one statute by the complainant is subordinate to the greater good to result to the public by enforcing the penalty.  *Railroad v. Methoven*, 21 Ohio St. 593; *Price v. Railroad*, 49 Mo. 440; *Barnett v. Railroad*, 68 Mo. 62; *Boyle v. Railroad*, 21 Mo. App. 422.

III.  Prior to the law of 1879 it was settled by repeated decisions in this state that it was not contributory negligence for the citizen to turn his stock upon the commons in the vicinity of a road, although he knew at the time that the road was not fenced at that point. *Gorman v. Railroad*, 26 Mo. 441; *Turner v. Railroad*, 78 Mo. 578; *Davis v. Railroad*, 19 Mo. App. 425; *Boyle v. Railroad*, 21 Mo. App. 421.

IV.  When the negligence of plaintiff is a remote condition of the accident, and does not directly contribute to the injury, this will not relieve defendant of the consequences of negligence on its part, which is the efficient cause of the injury.  *Meyer v. Railroad*, 59 Mo. 223; *Miller v. Railroad*, 5 Mo. App. 471.

HALL, J.—This was an action for double damage on account of the killing of plaintiff's hogs.  The case was

tried upon an agreed statement of facts, from which it appears that the defendant, by one of its engines, on the twelfth day of August, 1873, ran over and killed the plaintiff's hogs ; that the hogs went upon the railroad and were killed in Cass county, at a point where the railroad was not fenced, as required by the statute ; that, at said date, the law restraining swine from running at large, being chapter 159, Revised Statutes, was in force ; and that, at said time, the hogs were, with the knowledge and consent of plaintiff, running at large in violation of said law. We are asked to pass upon the question, decided against the defendant by the circuit court, whether the plaintiff, whose hogs were, with his knowledge and consent, running at large in violation of the said act of 1879, can recover damages on account of the defendant's killing them, on the sole ground of the want of the fence required by statute.

It is stated, in the agreed statement of facts, that the act of 1879 was in force in Cass county at the time mentioned, viz., August 12, 1883. This statement is not the statement of a mere fact, but is also, in a certain sense, the statement of a conclusion of law. We shall treat the statement as to the fact as conclusive upon us, but surely the statement as to the conclusion of law should not bind us, if contradicted and refuted by the public laws of the state. For instance, if the act of 1879 was, at the date stated, no longer in force, in this state, by reason of having been repealed by an act of the legislature of the state, in 1883, should we treat the act of 1879 as in force because the parties to this case have so agreed and stipulated ? The question answers itself.

The act of 1879 (Rev. Stat., ch. 159) provides for the restraining of swine. The act provides for the restraining of swine only. In 1883 the legislature adopted an act entitled, "An act to restrain domestic animals from running at large." This act was approved March 27, 1883. The act provides for the restraining "of any animal or animals, of the species of horse, mule, ass, swine, sheep, or goat." The act of 1883 was clearly

intended to regulate the whole subject of restraining domestic animals in this state, including swine as well as all other animals mentioned in the act. On the principle, "that a subsequent statute revising the whole subject-matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must operate to repeal the former" (*State v. Roller*, 77 Mo. 129, and cases cited), the act of 1883 repealed the act of 1879. The act of 1883 is published in the laws of 1883 with an emergency clause, causing it to take effect from and after its passage, but in a note it is stated that the journals fail to show that the emergency clause passed. However this may be, the act went into force and took effect, without the emergency clause, ninety days after the adjournment of the session at which it was enacted. The legislature adjourned on the second day of April, 1883. The act went into effect, therefore, long before the twelfth day of August, 1883. On the last-named day, then, there was no act of 1879. It had been repealed. It was dead. The laws of 1879 in no way affected the liability of the defendant incurred on August 12, 1883. The act of 1883 was not in force in Cass county unless it had been put in force in the manner provided by the terms of that act, and of this there was no evidence.

The judgment is affirmed. All concur.