WILLIAM CRUMLEY, Respondent, v. KANSAS CITY, CLINTON & SPRINGFIELD RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, December 10, 1888.

"Hog Law": ACT OF 1883 REPEALED THE LAW OF 1879: EFFECT OF IN CASS COUNTY: CASE ADJUDGED. The hog law of 1879 was not in force in Cass county in 1886, notwithstanding it had been adopted therein in 1880, under the General Statutes of 1879. The law of 1879 was repealed by the act of 1883 (Laws of Mo. 1883, p. 26), that act being intended to regulate the whole subject of restraining domestic animals in this state, including swine as well as all other animals mentioned in the act. (*Berkshire v. Railroad*, 28 Mo. App. 225). The law being repealed, its adoption by the voters of Cass county fell with it, and left that county as it was before the adoption of the law. The admission in this case that the law of 1879 was in force at the time the animal was killed is, in effect, an admission of law, rather than of fact, and, as such, this court is not bound by it.

*Appeal from Cass Circuit Court.*—Hon. Chas. W. Sloan, Judge.

Affirmed.

The case is stated in the opinion.

*Wallace Pratt* and *I. P. Dana*, for the appellant.

There are four grounds for complaining of the errors alleged, namely: (1) On the testimony of all the witnesses, those of plaintiff as well as those of defendant, the fence complained of was a lawful fence. R. S. 1879, secs. 809, 5651, 5652; Acts 1885, p. 166; Acts 1887, p. 194; Sedg. on Const. Stat. Law [2 Ed.] 212, 214, 229; *Parrish v. Railroad*, 63 Mo. 286. And, therefore, the court erred in overruling defendant's demurrer and in refusing to give instructions one and two asked by the defendant and in giving the modified instructions of its own motion. (2) The evidence concurred in showing that the defendant had built a lawful fence at the place where it is claimed a defect allowed plaintiff's animal to escape, and there was not sufficient evidence to show or tend to show that defendant knew of the existence of the defect, or by the exercise of reasonable care could have known of it. Hence, the court erred in overruling defendant's demurrer, in refusing to give instruction one asked by defendant and in overruling its motion for a new trial. *Clardy v. Railroad*, 73 Mo. 578; *Fitterling v. Railroad*, 79 Mo. 508; *Chubbuck v. Railroad*, 77 Mo. 594; *Powell v. Railroad*, 76 Mo. 83; *Jackson v. Hardin*, 83 Mo. 186. (3) The verdict was against the evidence adduced and the law given in the case. Hence the court erred in overruling defendant's motion for a new trial. *O'Donnell v. Railroad*, 7 Mo. App. 193; *Borgraefe v. Knights of Honor*, 22 Mo. App. 148; *Hipsley v. Railroad*, 88 Mo. 353. (4) Plaintiff's petition failed to state facts sufficient to constitute a cause of action in his favor. Hence the court erred in overruling defendant's motion in arrest of judgment.

*Geo. B. Strother*, for the respondent.

(1) Plaintiff's petition stated all the facts necessary to constitute a cause of action. *Marrett v. Railroad*, 84 Mo. 414; *Duncan v. Railroad*, 91 Mo. 68. Plaintiff's sow got upon defendant's right of way through a defect in the fence as appears by all the evidence. (2) The jury found, as it ought to have done under the instructions, for the plaintiff, and the instructions were correct. *Duncan v. Railroad*, 91 Mo. 70. (3) Sufficient time had elapsed for the company to have known of the defect and repaired same. *Busby v. Railroad*, 81 Mo. 43; *Chubbuck v. Railroad*, 77 Mo. 591. (4) The hog law of 1879, chapter 159 of the Revised Statutes, was repealed by the stock law of 1883. Session Acts 1883, p. 26; *Berkshire v. Railroad*, 28 Mo. App. 225. (5) The sow was evidently killed by the railroad company, as plaintiff says: "She had the appearance of having been bruised considerably on one side, hip and shoulder, and on the side of the ties were hairs and blood." Chester Ames said: "We could see where she had been upon the track and could see where she had knocked down the grass. Grass had grown upon the fill and we could see where the train had slid her off * * * I could see blood on the ends of the ties where she was struck." From the foregoing who could be so credulous as to doubt that the railroad company killed the sow? (6) We have already shown that the hole was seen there at two different times by C. D. Space about a year before this sow was killed. We also showed by Mr. Elliott that he saw this same identical hole quite frequently the fall before the sow was killed, and we showed by Wm. Crumley and Chester Ames that it was there when the sow was killed, and that there were tracks to show conclusively that she had come through that identical hole. This was sufficient to convince the jury. It certainly was ample to convince any fair-minded man. Therefore, neither the court nor jury committed error; therefore we ask the court to affirm judgment.

ELLISON, P. J.—This action was instituted January 25, 1887, to recover double damages from defendant for killing plaintiff's hog in Cass county in the month of June, 1886. Plaintiff recovered below and defendant appeals.

It was admitted at the trial: "That by an election of 1880 in Cass county, Missouri, the law of 1879 restraining swine from running at large was adopted by the voters of that county and that such election has never been rescinded."

When plaintiff's hog was was killed the act of 1885 (Sess. Acts 1885, p. 166) was in force, materially changing the character of a lawful fence in certain counties from that required by section 5652, Revised Statutes. That act provides as follows: "In counties in this state in which swine are restrained from running at large * * * all fences built of post and boards, with posts set firmly in the ground, not more than eight feet apart, and boards substantially one inch thick and six inches wide securely fastened thereto and the upper board being at least four and one-half feet high and the two remaining boards placed at proper distances below to resist horses, cattle, and like stock, shall be deemed and held to be a good and lawful fence." Defendant contends that it had such a fence as required by this act and that the court erred in giving an instruction requiring the fence to be sufficient to resist hogs as well as "horses, cattle and like stock." Defendant's contention is based on the assumption that the "hog law" of 1879 was in force in Cass county when this animal was killed, and that consequently the act of 1885 governs as to the character of fence. But such law was not in force in Cass county at that time, notwithstanding it had been adopted in 1880 under the general statutes of 1879. In the case of *Berkshire v. Railroad*, 28 Mo. App. 225, we held that the law of 1879 was repealed by the act of 1883, p. 26, that act being "clearly intended to regulate the whole subject of restraining domestic animals in this state, including swine as well as all other animals

mentioned in the act." The law being repealed, its adoption by the voters of Cass county fell with it and left that county as it was before the adoption of the law.

But it may be said that one of the admitted facts in the case is that the law of 1879 was in force at the time the animal was killed. This admission, however, is, in effect, an admission of law rather than of fact and as such we are not bound by it. In the *Berkshire case, supra*, HALL, J., said: "We shall treat the statement as to the fact as conclusive upon us, but surely the statement as to the conclusion of law should not bind us, if contradicted and refuted by the public laws of the state." So in this case we will accept as conclusive upon us that the law was adopted at an election in Cass county in 1880, but we will leave ourselves free to say what effect the law since enacted has wrought upon that election. The defendant should have had the fence ordinarily required by the statute and the court therefore, did not err as to the instruction complained of.

We have examined and investigated the other points made by defendant, but find nothing to justify us in disturbing the judgment and it is therefore affirmed. All concur.