J. W. GUMM, Appellant, v. H. JONES et al., Respondents.

Kansas City Court of Appeals, January 8, 1906.

ANIMALS: Restraint of: Statute: Repeal. The act of March 27, 1883, repealed the revision of 1879 relating to the restraining of animals, and the adoption of the hog law under the latter statute after the former went into effect was without any force and did not serve to restrain swine from running at large.

Appeal from Jasper Circuit Court.—*Hon. Joseph D. Perkins*, Judge.

REVERSED AND REMANDED.

*Shannon & Shannon* for appellant.

(1) Where the later of two legislative enactments covers the whole subject-matter of the earlier one, although not purporting to amend it, but plainly showing that the later was intended to be a substitute for the earlier act, such later act will operate as a repeal of the ear-

lier one, though the two are not repugnant. Crumley v. Railway, 32 Mo. App. 505; Berkshire v. Railway, 28 Mo. App. 225; Meriwether v. Love, 167 Mo. 514; Young v. Railway, 33 Mo. App. 509. (2) By law and custom the people of Missouri have acquired a private right to pasture their stock on uninclosed land. Gorman v. Railway, 26 Mo. 441; Heald v. Grier, 12 Mo. App. 556; Kaes v. Railway, 6 Mo. App. 397. (3) Where in a later statute a more comprehensive word or phrase is used than that used in the preceding act, or where there is a material change of expression, a change in the meaning is to be presumed. 26 Am. and Eng. Enc. Law (2 Ed.), page 652, n. 2; Reg. v. Pembridge, 3 Q. B. 901; Railway v. Pittsburg, 104 Pa. St. 522; State ex rel. v. Hostetter, 137 Mo. 648, 649.

*Howard Gray* for respondent.

(1) The certificate of the clerk showing the result of the election was *prima facie* proof of the adoption of the law. State v. Searcy, 39 Mo. App. 393; State v. Searcy, 46 Mo. App. 421; State v. Mackin, 51 Mo. App. 299; State v. Searcy, 111 Mo. 236; In re Rothwell, 44 Mo. App. 215. (2) No objections were made during the trial to the sufficiency or quality of any documentary evidence offered to prove the adoption of the law, and therefore, it comes too late in the motion for new trial State v. Baker, 36 Mo. App. 58; Bates v. Scheik, 47 Mo. App. 642; Stearns v. Railroad, 87 Mo. App. 26.

BROADDUS, P. J.—The plaintiff commenced this action before a justice of the peace to recover the value of two hogs detained by defendants under the law restraining animals from running at large. The case was appealed to the circuit court, where defendants prevailed and plaintiff appealed.

The only question presented for consideration is: Was the law restraining swine from running at large in

force in Jasper county? At the time the special election was held to determine whether swine should be restrained from running at large, the act approved March 27, 1883, was in force. On August 16, 1883, a petition was presented to the county court of Jasper county, signed by one hundred persons styling themselves as "freeholders" praying the court to make an order for a special election to be held for the purpose of restraining swine from running at large in the county. Whereupon, the court ordered that such special election be held in the county for the purpose, according to the provisions of chapter 159, Revised Statutes 1879. The election was held in pursuance of said order, and on the 29th day of September following, the court found and declared that the proposition had been carried. The plaintiff contends that, as chapter 159, under which said special election was held, was not then in force, the result was nugatory.

The Act of 1883 does not purport to be an amendment to the law found in the revision of 1879, but the substitution of a new act. The latter law only provided for restraining swine from running at large, whereas the former is an act "to restrain domestic animals from running at large," viz., animals "of the species of horse, mule, ass, cattle, swine, sheep or goats." There is no repugnance between the two.

In State v. Roller, 77 Mo. 120, it is held that "A statute revising the whole subject-matter of former statute and evidently intended as a substitute for it, although it contains no express words to that effect, repeals the former." And in State v. Hickman, 84 Mo. l. c. 79, it is said:. "The general rule certainly is that an act purporting to revise and amend another act and embracing its subject-matter, whether old provisions are retained, excluded or modified, and whether or not new provisions are incorporated, does by necessary implication, if not in express terms, effect the repeal of the old law, unless a different purpose is manifested." [See

also Meriwether v. Love, 167 Mo. 514; Berkshire v. Railway, 28 Mo. App. 225.]

But the precise question before us was decided by this court in Crumley v. Railway, 32 Mo. App. 505, where it was held that the law of 1883 repealed that of 1879; and that the adoption of the hog law under the latter after the former went into effect in Cass county, left that county as it was before the adoption of the law. As the law restraining animals, including hogs, from running at large, in force at the time of the special election, was not adopted, there is no law so restraining them in the county of Jasper.

It is needless to notice other questions raised by appellant. Reversed and remanded. All concur.