WILLIAM J. HUGHES, Respondent, *v.* MILTON MOORE,
Adm'r THOMAS B. SCRUGGS, deceased, Appellant.

### March 23, 1885.

1. AGREED FACTS—CASE ADJUDGED.—" On or about May 10, 1873, the
plaintiff purchased of T. B. Scruggs, the defendant's intestate, a
half interest in a store of hardware and hardware business for
1945.54 dollars, and paid said Scruggs therefor, as follows: In cash,
1000 dollars; one-half interest in a team and wagon,100 dollars; and
executed to said Scruggs his promissory note payable to said Scruggs
for the balance of 845.54 dollars. Said plaintiff is charged on the
books of account of Scruggs & Hughes with 1945.54 dollars, the
amount of the purchase price of said half interest, and stands cred-
ited on said books with said sums of 1000 dollars, 100 dollars and

845.54 dollars, the aggregate amount of said entries respecting the purchase and sale of said half interest exactly balancing and off-setting each other. Said account book may be shown in evidence as part of this agreed statement. The firm of Scruggs & Hughes was formed by the purchase of said half interest by Hughes. Said Scruggs left Independence about December 4th, 1879, as he stated, for St. Louis, but never returned to Independence, and was not heard of after his departure, until it was learned that he died in San Francisco, California, about January 5th, 1880. Said Scruggs kept said note among the papers of the firm of Scruggs & Hughes until within a week or ten days before his departure from Independence. The plaintiff, Hughes, has never paid said note and it was overdue while in said Scruggs' possession and when said Scruggs left Independence; but said note could not be found among the papers of said Scruggs, or of the firm of Scruggs & Hughes, and what has become of said note is not known; it being unknown, whether said Scruggs disposed of said note in his life time, or whether it had been lost or destroyed. *Held:* That an agreed case occupies the same footing and stands in lieu of a special verdict; and if there be any ambiguity, any omission of facts necessary to a recovery, and substantial lack of clearness and certainty on material points, a judgment thereon cannot be allowed to stand; and it appearing by the agreed facts in this case that respondent does not know whether his intestate was the owner of the note at his death, he is not entitled to maintain action thereon.

2. ACTION—REQUISITES FOR MAINTAINING.—In order to assert a claim and maintain recovery thereon, it must appear that it is legally due and recoverable and remains unpaid, and entitled to be paid to the party suing at the time of suit. It is not enough to show it to be unpaid and therefore owing to somebody.

APPEAL from the Jackson Circuit Court, HON. F. M. BLACK, Judge.

*Affirmed.*

The facts sufficiently appear in the opinion of the court.

GATES and BOGGESS & MOORE, for appellant.

I. The court erred in overruling appellant's motion in refusing to take said note into consideration in stating a partnership account between the parties in this suit.— Lindley on Partnership, vol. 2, p. 973.

II. Hughes had enjoyed the full benefits of the partnership, though he had not paid the purchase price of his interest. It would be inequitable and unjust for him

to receive an equal division. of the surplus in the hands of the receiver without having paid to Scrugg's estate the balance of said purchase price.

III. Though it may be law that upon said motion the court could not take said note and balance into consideration in stating the partnership account, yet the court, in overruling said motion, erred in refusing the appellant permission to file his said answer. Up to the time he offered to file it no default had been taken against him.

IV. The appellant may have mistaken his remedy. It may be the law that he should have offered to file his answer upon discovering the existence of the note and learning that it was unpaid, instead of said motion. But upon the filing of motion respondent appeared thereto, agreed upon the facts, and the merits of the motion were heard upon the agreed statement. A motion going to the merits of a petition will dispense with the necessity of answering until it is disposed of.—*Hill* v. *Meyer*, 47 Mo. 585. This motion went to the merits of the controversy between the parties, and upon overruling it the court should have permitted appellant to file his answer.—*State ex rel. etc.* v. *Bird*, 22 Mo. 470. The court should permit a meritorious answer to be filed at any time before default is taken, and this answer was meritorious, setting forth Hughes' insolvency and loss to estate.—*State ex rel. etc.* v. *Bird*, 22 Mo. 470; *Judah* v. *Hogan*, 67 Mo. 252; *Leaho* v. *Renshaw*, 61 Mo. 292; *Jones* v. *Shaw*, 67 Mo. 667.

BRYANT & HOLMES, for respondent.

I. The appellant's motion was properly overruled, because the note from Hughes to Scruggs was not a partnership transaction, and no special equity, such as the insolvency of Hughes, appearing in the agreed facts so as to warrant the consideration of individual indebtedness from one partner to the other in stating the partnership account. That said note was not a partnership transaction. See *Poole* v. *Delaney*, 11 Mo. 570; *Bierman* v. *Bruche*, 14 Mo. 24.

II. The facts agreed on did not even raise a presump-

tion of the loss or destruction of the note. On the contrary, loss or destruction not having been shown, either positively or presumptively, the court was bound to find that Scruggs disposed of the note in his life time, which, in any view, is the proper conclusion from the agreed facts. Even in cases where only the contents of a lost or destroyed instrument are sought to be established, the party "must prove the loss or destruction either positively, or, at least, presumptively."—Taylor on Evidence, sect. 399. The possession of a note or other personal property raises a presumption of ownership.—1 Greenl. Evid. sect. 34. It would seem clearly, conversely, that want of possession should raise a presumption of want of ownership. Even in the case of a suit upon a lost or destroyed instrument the statute requires that it be made to appear that the note was lost or destroyed *while it belonged to the party claiming the amount due thereon.* —Rev. Stat., 1879, sect. 3651.

III. As to the action of the court in refusing to permit the filing of the answer tendered by the appellant and verified by his affidavit, it is not so preserved by a bill of exceptions as to bring it here for review. Besides it appears from the record, that not until after final judgment was rendered by the circuit court did appellant ask leave to file the answer verified by his affidavit, the refusal of which he complains of here. No case can be found in England or America where error was claimed for refusal under such circumstances. But the answer is only different from the agreed facts in the averments of insolvency of respondent, and it is not even averred that this was not known at time of filing motion. The decision of the motion of appellant against him was a final adjudication of the merits of the case, and being clearly right upon the facts agreed upon, there was no error in refusing the answer.—*Langdon* v. *Raiford*, 20 Ala. 532; *State ex rel.*, *etc.* v. *Boothe*, 68 Mo. 546. Except for the adjudication against the appellant on his motion, it would have been competent on the final hearing for an accounting to prove the respondent's insol-

vency, without the filing of an answer.    It was therefore immaterial, that the court refused, because the issues were before the court without it.

IV.    The evidence is not preserved in a bill of exceptions, and the presumption is that no error was committed at the trial.    There is manifestly no error on the face of the record.

Opinion by Ellison, J.

On the 15th day of December, 1879, the respondent filed his petition in the special law and equity court of Jackson county, setting forth that he and Thomas B. Scruggs, on the 10th day of May, 1879, became partners in the selling of hardware at Independence, under the name of Scruggs & Hughes; that the concern had become indebted to a large amount; that Scruggs had disappeared and had not returned, and praying for a dissolution of the partnership and the appointment of a receiver to take charge of and dispose of the partnership property and assets.

One J. B. Forbis was on said date appointed receiver, and qualified and entered upon the discharge of his duty in the premises.    Scruggs was not served with process, but, as the statement of facts herein shows, died in San Francisco, Jan. 5th, 1880.    At the June term of said court, 1880, the appellant as administrator of said Scruggs, deceased, entered his appearance in this cause.

Afterwards, on the 29th day of August, 1881, the receiver, J. B. Forbis, filed his final report in the circuit court of said county, to which the cause had been transferred, setting forth, among other things, that he had paid all debts of the partnership and costs of suit, and that there remained in his hands $996.95, and as shown by the books of the concern, T. B. Scruggs was indebted thereto in the sum of $885.85, and the respondent, Hughes, in the sum of $573.10, and asking the court to instruct him in the premises.

On September 10th, 1881, the appellant filed in said cause the following motion:

"Wm. J. Hughes, *plaintiff*, v. Milton Moore, Administrator of the estate of Thomas B. Scruggs, deceased, *defendant*.

"Now comes the said defendant and asks the court to order the receiver herein, J. B. Forbis, to pay over to this defendant all the money now remaining in his hands and belonging to the partnership estate of the late firm of Scruggs & Hughes, to wit: $996.95, for the reason that it appears from the books of said firm that the plaintiff, Wm. J. Hughes, at the time he purchased a one-half interest in said firm, to wit: on or about the 10th day of May, 1879, executed in part payment thereof his note to the said Thomas B. Scruggs for the sum of $845.54; that he has not paid said note or any part thereof, but that the same is still due and owing to this defendant as a part of the consideration of the purchase money of said plaintiff's interest in said firm assets; that said note was left among the papers of the said firm of Scruggs & Hughes, and has never come into the possession of this administrator, and he has not been able to learn what has become of said note; that the amount now due this defendant as aforesaid, is greater than plaintiff's share of said sum of $996.95, now in said receiver's hands."

Said motion was submitted on the following agreed facts:

"That on or about May 10th, 1879, the plaintiff purchased of T. B. Scruggs, deceased, the defendant's intestate, a half interest in a store of hardware and hardware business, for $1945.54, and paid said Scruggs therefor, as follows: In cash, $1000; one-half interest in a team and wagon, $100; and executed to said Scruggs his promissory note, payable to said Scruggs, for the balance of $845.54. Said plaintiff is charged on the books of account of the firm of Scruggs & Hughes with $1945.54, the amount of the purchase price of said half interest, and stands credited on said books with said sums of $1000, $100, and $845.54; the aggregate amount of said entries respecting the purchase and sale of said

half interest exactly balancing and offsetting each other. Said account book may be shown in evidence as part of this agreed statement. The firm of Scruggs & Hughes was formed by the purchase of said half interest by Hughes.

"Said Scruggs left Independence about December 4th, 1879, as he stated, for St. Louis, but never returned to Independence, and was not heard of after his departure until it was learned that he died in San Francisco, California, about January 5, 1880. Said Scruggs kept said note among the papers of the firm of Scruggs & Hughes until within a week or ten days before his departure for Independence. The plaintiff, Hughes, has never paid said note, and it was over due while in said Scruggs' possession, and when said Scruggs left Independence; but said note could not be found, among the papers of said Scruggs, or of the firm of Scruggs & Hughes, and what has become of said note is not known; it being unknown whether said Scruggs disposed of said note in his lifetime, or whether it had been lost or destroyed."

The court overruled the motion and proceeded to an adjustment of the balance in the receiver's hands, excluding therefrom the note of $845.54, to which action appellant duly excepted.

Appellant, after his motion was overruled, offered to file an answer in the case, which was refused by the court. This and some other matters are assigned as errors on the part of the court below; but in our view of the case we are relieved by the agreed statement of facts from passing on several questions raised by counsel at the argument.

The agreed statement is that it is "unknown whether said Scruggs disposed of said note in his lifetime, or whether it has been lost or destroyed." This is tantamount to a man coming into court, asking judgment on a note not produced, and at the same time stating that he does not know whether he is the owner of the note or not, "that he may have, probably has, sold it and gotten the money for it from some third party."

The law is that an agreed case occupies the same footing and stands in lieu of a special verdict. If there be any ambiguity, any omission of facts necessary to a recovery, any substantial lack of clearness and certainty on material points, the judgment cannot be allowed to stand.—*Gage et al.* v. *Gales;* 62 Mo. 412.

If we look at it as a statement by appellant, we have an affirmative admission by him, that he does not know whether his intestate was the owner of the note at his death or not. Can a man obtain judgment on an account without being able to state that it is not only unpaid, but is then due him ; or can he maintain replevin for a horse in the face of his statement, that he does not know whether he is the owner or not—that he may have sold the horse ? In a case of this sort it is a fundamental requirement, that a party must be able to state what is *his due*.

The fact that the note was past maturity while yet in Scruggs' possession, does not alter the case. It may be true that if in fact the note was transferred by Scruggs, and Hughes paid him, or his legal representatives, without notice of the transfer, that he would be protected by such payment if sued by the party to whom it had been assigned; but this does not dispense with the necessity of a plaintiff showing he is the owner and himself entitled to a recovery by virtue of his right. In this case, appellant could only expect to have his motion sustained by showing that he, as administrator, owns the respondent's promise to pay, and that by reason of being the owner, he is entitled to have the court enforce his right.

Appellant's position, in this respect, amounts to this, that notwithstanding he cannot say that he is the owner of the note, or that it is owing to him, yet as it is unpaid and owing to somebody, respondent should be required to submit to a recovery in his favor for the amount thereof.

The judgment is affirmed. All concur.