STATE OF MISSOURI, Respondent, v. ROBERT L. HUGHES, Appellant.

Kansas City Court of Appeals, April 15, 1889.

Druggist Failing to File Oath and Bond. Sections 1601 and 1605, Revised Statutes, requiring all persons selling liquor to file an affidavit and bond with the county clerk, making oath that they will not mix or adulterate such liquors with other substances, etc., do not apply to a licensed and registered druggist and pharmacist when selling intoxicating liquors in less quantities than one gallon upon prescription furnished by a regularly registered and practicing physician.

*Appeal from the Morgan Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED.

*Moore & Williams,* for appellant.

The indictment was insufficient in law to support a judgment. "The rule is that where the indictment is based upon a statute creating the offense, an offense unknown to the common law, the indictment must set forth all the constituent facts and circumstances necessary to bring the accused perfectly within the statutory

provisions." This point was made by defendant both in his motion to quash the indictment and in arrest of judgment. *State v. Gabriel*, 88 Mo. 632, *loc. cit*, p. 642, and citations ; Bish. Stat. Crimes, secs. 418, 421 and 422 ; 1 Bish. Crim. Proc., ch. 37, secs. 505, 506, 507 and 509 ; *Ib.* secs. 517, 518 and 519 ; 1 Arch Crim. Proc., p. 68, note 1 ; *Hall v. State*, 3 Cold. 125 ; *People v. Allen*, 5 Denio, 76 ; *State v. Bach*, 25 Mo. App. 554; *State v. Harward*, 83 Mo. 299 ; *State v. Flint*, 62 Mo. 393 and 400. (2) The "act to regulate the sale of medicines and poisons by druggists and pharmacists" ( Laws of Mo. 1881, p. 130 ), together with the amendment thereto ( Laws of Mo. 1883, p. 89 ), were intended to "regulate the whole subject of the sale of intoxicating liquors by druggists." Defendant sold the spirituous liquors as medicine, being a registered and licensed druggist, and only upon the prescription of a registered practicing physician, and is not amenable to the law relating to adulterations. *State v. Roller*, 77 Mo. 120 ; *State v. Wright*, 20 Mo. App. 412. The laws embodied in the criminal code, relating to the adulteration of liquors, Revised Statutes, sections 1601 to 1608 inclusive, are copied from chapter 73, Revised Statutes of Missouri, 1865. The adulteration of liquor by that law is a felony, punishable by imprisonment in the penitentiary for a term not exceeding five years. R. S. 1879, sec. 1600. Under the Acts of 1881, section 7, page 131, the adulteration by a druggist is a misdemeanor, the penalty being a fine of not exceeding one hundred dollars, and the striking of the druggist's name from the register. The penalty for selling, or giving away, intoxicating liquors of any kind except upon the written prescription of a regularly registered and practicing physician, is a fine not less than one hundred dollars, nor more than five hundred dollars. And so the various sections of the law prescribe various and different penalties, none of which conform to those against the liquor

sellers. The druggist is not a liquor seller; any spirituous liquor he may sell on prescription is furnished as a drug. He can, under no circumstances, sell in any other way than under the provisions of the pharmacy acts. "No restrictions imposed by other acts have application to them." *State v. Roller*, 77 Mo. 129.

No brief for respondent.

GILL, J.—The defendant was indicted for selling liquor without filing oath and bond with the county clerk, as provided by sections 1601, 1605, Revised Statutes, 1879, and was tried by the court sitting as a jury, found guilty and fined as provided in section 1606, Revised Statutes.

The cause was submitted to the court on an agreed statement of facts as follows :

"It is agreed in the above entitled cause that, at the time charged in said indictment, to-wit: On the ninth day of July, 1887, the defendant Robert L. Hughes, was a licensed druggist, doing business in the town of Tipton, in Moniteau county, Missouri, under a merchant's license issued to him on the fourteenth day of September, 1887, and that he was, during all that time, a registered pharmacist and druggist having fully complied with the acts of legislature in this state, approved March 26, 1881, page 130, and act of 1883, page 89 and 90 ; and that he sold spirituous liquors at his said drug store, in Moniteau county, on the date mentioned in the indictment, to-wit, on the ninth day of July, 1887 ; that such sale was made on the written prescription of a regular registered physician, and that the prescription was filled by the defendant at his said drug store as required by law.

Among the instructions asked by defendant upon this agreed state of facts are as follows : (We only quote numbers 2 and 3.)

(2)   The court declares the law to be that, upon the indictment and agreed statement of facts in the case, the court sitting as a jury, must find the defendant not guilty.

(3)   The court declares the law to be that, sections 1601 and 1605 of the Revised Statutes of Missouri do not apply to registered pharmacists and druggists under the provisions of the Session Acts of 1881 and 1883, relating to these subjects.

The chief matter at issue in this case is this: Are regularly licensed druggists and pharmacists, when selling intoxicating liquors in quantities less than one gallon on prescription, subject to the provisions of sections 1601 and 1605, Revised Statutes, wherein all persons who sell liquor, etc., are required to file an affidavit and bond with the county clerk, making oath that they will not mix or adulterate such liquors with other substances, etc. ?

We think that such sections do not apply to regis tered pharmacists and druggists when selling intoxicating liquors in less quantities than one gallon, upon prescription furnished by a regularly registered and practicing physician as provided in. the Acts of 1881 and 1883, relating to the sale of intoxicating liquors by druggists, etc.   Sess. Acts, 1881, p. 130 and of 1883, p. 89, etc.

We think when the entire field of legislation on this subject is examined that it will appear that it was not intended to subject druggists and pharmacists when furnishing liquors in quantities less than a gallon in prescriptions to the provisions incorporated in the general law as contained in sections 1601–5, etc.   By sections 1601 and 1605 the druggist would be required to make oath, that he would "not mix or adulterate liquors with any substance whatever," "nor will he mix the different kinds of liquor together for the sake of profit, nor dilute the same with water," etc.   This "mixing and adulteration" with other substances is a

necessity with the druggist. It is a matter of common knowledge that in the use of spirituous and alcoholic liquors the druggist must, of necessity, mix with other substances. Hence by section 1607, Revised Statutes, druggists are saved to a degree from the effects of the prohibition contained in 1601 and 1605, *supra.*

While now we have the *general* law, as provided in the foregoing sections, with an apparent intention by the legislature to exclude in a measure its operation as to druggists and pharmacists, we have a law in terms intended to regulate the sale of intoxicating liquors by druggists and pharmacists. See Acts, 1881, p. 130, as amended by Acts, 1883, p. 89, and of 1887, p. 182. These several acts of the legislature relate specifically, among other matters to the regulation of the sale of alcoholic or spirituous liquors by druggists and pharmacists, and comprise the law of this state on that subject. Chapter 100, Revised Statutes, 1879, which related to the same matter specifically, by judicial construction, stands repealed. *State v. Roller, post.* Section 2, of the act approved March 29, 1883, provides that the druggist or pharmacist may sell intoxicating liquors on a written prescription from some regularly registered and practicing physician. By the act of 1881, 130, etc., together with the provisions of the act of 1883, the manner of such prescriptions, the character of the physician entitled to prepare the same, as well as the qualifications of the druggist or pharmacist, who shall fill the prescriptions, are the safeguards thrown around this traffic to prevent its abuse.

This legislation, as practically included in the Acts of 1881 and 1883, *supra,* attempts to, and does, cover the entire subject of sale of intoxicating liquors of all kinds, in less amounts than one gallon, by druggists and pharmacists, and has been construed by the courts of this state, as repealing other acts in so far as they may

relate to the regulation of such traffic by the druggist and pharmacist. *State v. Wright*, 20 Mo. App. 412–416 ; *State v. Roller*, 77 Mo. 120–129.

We have assumed in this consideration that the defendant sold in amount less than one gallon, though the agreed statement of facts, upon which the case was submitted, is silent as to what amount was sold. We are justified, however, in resolving the doubt in defendant's favor, and assume, in the absence of proof, that he sold by prescription such an amount, and no more, as he could lawfully sell. Besides this agreed statement of facts will be regarded in the light of a special verdict, and unless sufficient appears upon its face to warrant the judgment it will not be permitted to stand. *Gage v. Gates*, 62 Mo. 412 ; *Hughes v. Moore*, 17 Mo. App. 148.

We hold then, that if the defendant, as a licensed and registered druggist and pharmacist, at the time named in the indictment, only sold intoxicating liquor, in amount less than one gallon, on a proper written prescription furnished from a regularly registered and practicing physician, then he was not subject to punishment under sections 1601, 1605 and 1606, Revised Statutes, 1879, and should have been acquitted.

The judgment therefore of the circuit court is reversed, and the defendant discharged. The other judges concur.