EDWARD A. MORRISON, Respondent, v. MARY M. PRIDHAM, Appellant.

Kansas City Court of Appeals, February 19, 1894.

Married Women: LIABILITY FOR GOODS SOLD: BURDEN OF PROOF: DEFINITE EVIDENCE. Plaintiff sold goods to the defendant while she was a married woman and therefore not legally capable of entering into a contract. He sought to avoid this disability by alleging the goods were sold and delivered in the state of New York. *Held,* the *onus* was on plaintiff to show facts from which it could be ascertained what was due him and not merely that some goods at some time were purchased in that state.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

REVERSED.

*Chase & Bartlett* for appellant.

The contract of a married woman, domiciled in Missouri, made in 1887, is void. "A married woman is wholly unable to make any contract which will bind her personally, or create against her a personal debt or obligation." *Bachman v. Lewis*, 27 Mo. App. 81; *Hemelreich v. Carlos*, 24 Mo. App. 265; *Alexander v. Lynch*, 80 Mo. 341; *Saulsbury v. Corwin*, 40 Mo. App. 373. "Prior to 1889, she might bind her separate estate, and as to such was *femme sole.*" *Brown v.*

*Bowen*, 90 Mo. 184; *Rosenheim v. Hartsock*, 90 Mo. 357; *Hoskinson v. Atkins*, 77 Mo. 537; *Keating v. Korfhage*, 88 Mo. 533; *Bank v. McMenamy*, 35 Mo. App. 198; *Davis v. Smith*, 75 Mo. 219; *Brumback v. Weinstein*, 37 Mo. App. 520; *Houx v. Shaw*, 25 Mo. App. 233; *Kimball v. Silver*, 22 Mo. App. 526. The evidence was not sufficient to warrant a judgment for the plaintiff. *Nicholson v. Walker*, 25 Mo. App. 368.

*S. C. McPherrin* for respondent.

(1) Appellant's first point applies only to the contracts of a married woman made in the state of Missouri. (2) This case is governed by the law of the state of New York, which, in 1887, was as offered in evidence by plaintiff. 3 Revised Statutes of N. Y. [Banks Bros.' 7 Ed.], p. 2338; Laws 1860, chap. 90, sec. 2; Harris' Contracts by Married Women, sec. 720; *Withens v. Sparrow*, 66 N. C. 138; *Nixon v. Halley*, 78 Ill. 615; *Holmes v. Reynolds*, 55 Vt. 39; *Pearl v. Hansborough*, 9 Humph. 426; *Wright v. Remington*, 41 N. J. Eq. 48; *Milliken v. Pratt*, 125 Mass. 374; *Scudder v. Union*, 91 U. S. 406; *Baldwin v. Gray*, 16 Mart. (La.) 192; *Saul v. Creditors*, 17 Mart. (La.) 560.

ELLISON, J.—This is an ordinary legal action on an account for goods sold and delivered to defendant in the state of New York, in the year 1887. There was a judgment for plaintiff for a large portion of the account and defendant appeals.

At the time the goods are alleged to have been sold to this defendant, she was a married woman and as such she was not legally capable of entering into the contract for the purchase of the goods in question. In order to avoid this well recognized law of this state, plaintiff alleged, and sought to prove, that the goods

were sold and delivered in the state of New York, in which state, it is alleged, she was, by statute, legally capable of entering into the contract of purchase. The evidence, however, fails to sustain plaintiff. Plaintiff seems to have relied wholly upon the defendant for his testimony and she testifies that she purchased all but a small portion of the goods in this state. Conceding that she stated facts from which it might·be properly inferred that a portion of the goods was purchased in New York, but considering her entire evidence together, she gave no date and knew nothing whereby it could be, ascertained what portion was so purchased.

It is clear, of course, that the *onus* of making out his case devolved upon plaintiff. He must show what is his due. It will not do merely to show that something is due. He must show facts from which it may be ascertained *what* is due. See *Hughes v. Moore*, 17 Mo. App. 148.

The judgment is reversed. All concur.