State v. Summers.

THE STATE v. SUMMERS, *Appellant.*

Division Two, February 16, 1898.

1. **Druggist:** SELLING LIQUOR WITHOUT BOND AND OATH. When a druggist sells plain liquor, called for by a physician's prescription, he violates the law and is subject to a fine of not less than $50 nor more than $500, unless he has previously conformed to the law requiring him to take an oath and give a bond, as required by section 3890, Revised Statutes 1889. (Overruling *State v. Hughes*, 35 Mo. App. 515.)

2. ———: ———: DIFFERENT STATUTORY PENALTIES. Nor will the prohibitory force of section 3890 be affected because section 3887 makes the adulteration of liquor a felony, while section 4616, relating to druggists, makes the adulteration by him only a misdemeanor, the latter section relating only to the adulteration of "drugs, chemical and medical preparations."

3. ———: ———: EFFECTS OF SUBSEQUENT ACTS. Section 4 of the act to prevent the adulteration of spirituous liquors, Session Acts of 1861, page 92 (now sec. 3890, R. S. 1889), requiring *any person* to take an oath and give a bond in the sum of $500 before he sells spirituous or alcoholic liquors, was not repealed by the revision of 1879 or the act of 1881, and in so far as *State v. Roller*, 77 Mo. 120, conflicts with this view, it is overruled.

*Transferred from Kansas City Court of Appeals.*

JUDGMENT OF CIRCUIT COURT AFFIRMED.

*John Kennish, Ivan Blair, J. W. Stokes* and
*E. J. Kellogg* for appellant.

(1)   The "act to regulate the sale of medicines
and poisons by druggists and pharmacists" (Laws of
Missouri, 1881, p. 130) and the amendment thereto
(Laws of Missouri 1883, p. 89) were intended to "reg-
ulate the whole subject of the sale of intoxicating
liquors by druggists." The defendant sold the liquor
as medicine, being a regularly licensed druggist, and
only upon the prescription of a regularly licensed and
practicing physician, and is not amenable to the law
relating to adulterations. *State v. Roller,* 77 Mo. 120;
*State v. Hughes,* 35 Mo. App. 515; *State v. McAnally,*
66 Mo. App. 329; *State v. Piper,* 41 Mo. App. 160. (2)
Section 5472, Revised Statutes 1879, expressly placed
druggists under the general law as to the sale of intox-
icating liquors, and there was no provision in the drug-
gist law concerning the adulteration of intoxicating
liquors prior to the act of 1881, but in said act of 1881
(Laws 1881, p. 130), the provision placing druggists
under general law as to the sale of liquors is omitted
and a new section is added, section 7 making it a mis-
demeanor to adulterate the drugs and medicines sold
by such druggist, thus showing plainly an intention to
make the provisions of the druggist law cover all the
ground both as to sales and adulteration of intoxicat-
ing liquors, by druggists and pharmacists, without
reference to other statutes. *State v. Ferguson,* 72 Mo.
297. (3)   The laws embodied in the criminal code
relating to the adulteration of liquors, Revised Statutes
1889, sections 3890 to 3893, are copied from chapter 73,
General Statutes 1865. The adulteration of liquor by
that law was a felony, punishable by imprisonment in
the penitentiary for a term not exceeding five years.
R. S. 1879, sec. 1600. But adulteration by a druggist

is a misdemeanor, the penalty being a fine not exceeding $100 and the striking of the druggist's name from the register. R. S. 1889, sec. 4616. The penalty for selling or giving away intoxicating liquor of any kind except on the written prescription of a regularly registered and practicing physician, is a fine not less than $100 nor more than $500 (R. S. 1889, sec. 4621), and so the various sections of the law prescribe various and different penalties, none of which conform to those against the liquor sellers. The druggist is not a liquor seller; any spirituous liquor he may sell on prescription is furnished as a drug. He can sell only under the provisions of the pharmacy acts. No restrictions imposed by other acts have any application to them. *State v. Roller*, 77 Mo. 129; *State v. Hughes*, 35 Mo. App. 515.

*W. E. Stubbs* and *H. B. Williams* for respondent.

(1) The selling of liquor in violation of law is the *gravamen* of the offense. To make the selling lawful, it was incumbent on the defendant to comply with the requisitions of the law. His appearance before the county court clerk, taking and subscribing the oath, and giving bond, were all essential prerequisites. The omission to do either of the acts specified in section 3890, Revised Statutes of Missouri 1889, is sufficient to constitute an offense against the law. *State v. Crowley*, 37 Mo. 369; *State v. William Fox*, 37 Mo. 374; *State v. Finn*, 38 Mo. 504. (2) The law under consideration exempts no one whomsoever from its penal provisions, except upon the performance of the conditions which it prescribes. *State v. Ferguson*, 72 Mo. 297; *State v. Finn*, 38 Mo. 504. (3) It has been expressly decided by the Supreme Court that the sections in question apply as a condition precedent to the right to sell liquor

by anyone, whether druggist, physician, merchant or dramshop keeper. · *State v. Goff*, 65 Mo. 498; *State v. Crowley*, 37 Mo. 369; *State v. Ferguson*, 72 Mo. 297. (4) There has been at no time since such enactment any law passed by the legislature of this State repealing or modifying the same, and it is the law on our statute books to-day. R. S. 1889, sec. 3890; *State v. Crowley*, 37 Mo. 369. (5) Even although a section of the statute may be modified in part, it will not operate as a repeal thereof. Also the sections of a former statute, being separated and scattered by a revision, are still to have the same construction as before. *Creason v. Railroad*, 17 Mo. 111; Sedgwick on Stat. Con., p. 229; *Hughes v. Farrer*, 45 Me. 72; *Burnham v. Stephens*, 33 N. H. 247; *Onerfield v. Sutton*, 1 Metc. (Ky.) 621; *Smith v. Smith*, 19 Wis. 522; *Cape Girardeau v. Philip Riley et al.*, 52 Mo. 424; R. S. 1889, sec. 6607. (6) When a former provision is contained in a revised law it operates only as a continuance of its existence and not as an original act. *State ex rel v. Heidorn*, 74 Mo. 410.

SHERWOOD, J.—For selling liquor without first having taken oath and given bond, defendant was indicted, and on trial had was convicted, of the offense prohibited in sections 3890 and 3892, Revised Statutes 1889.

The indictment, in its charging part, is the following: "That Bud Summers, on or about the 25th day of December, 1896, at the county of Holt and State of Missouri, unlawfully did sell certain spirituous liquors, to wit, one pint of whiskey, one pint of brandy, one pint of beer, one pint of rum, without first having appeared before the county court clerk of said Holt · county and taking and subscribing an oath not to mix or adulterate with any substance whatever the liquors

by him offered for sale, and without and before giving
bond in the sum of five hundred dollars, with good
and sufficient security, as required by law, for the pay-
ment of all costs arising from prosecutions for viola-
tions of the provisions of chapter 47, article 8,
Revised Statutes of Missouri of 1889, in relation to
adulteration and sale of intoxicating liquors against
the peace and dignity of the State.''

The trial was had before the court on an agreed
statement of facts as follows: ''That at the time
charged in said indictment, to wit, on the 25th day of
December, 1896, the defendant, Bud Summers, was a
regularly licensed and registered druggist and phar-
macist, doing business in the town of Maitland, Holt
county, Missouri, under a merchant's license issued to
him on the —— day of ————, 189–, and that he
was during all that time a registered pharmacist and
druggist, having fully complied with the acts of the
legislature in this State applicable thereto, and that
the said defendant sold spirituous liquors at his drug
store in Holt county on the date mentioned in the in-
dictment, to wit, on the 25th day of December, 1896,
and in quantity less than four gallons, viz., one pint of
whisky, that such sale was made upon the written pre-
scription of a regularly registered and licensed physician,
and that the prescription was filled by the defendant
at his said drug store as required by law. It is further
agreed that the defendant did not, before the 25th day
of December, 1896, make and file the affidavit and
bond not to adulterate liquors, as is required by sec-
tions 3890 and 3892 of the Revised Statutes of Mis-
souri of 1889.'' Upon these facts appearing, the trial
court found defendant guilty as charged, and fined
him in the sum of $50, as provided in section 3893,
Revised Statutes, *supra*.

These statute provisions had their origin in an

act entitled "An act to prevent the adulteration of spirituous liquors," Session Acts 1861, page 92, containing sections 1 to 13, which so far as necessary to quote are as follow:

"SEC. 1. That the adulteration of spirituous or vinous liquors, by the use of strychnine, or other poisonous liquids or ingredients, shall be, and the same is hereby declared a felony.

"SEC. 2. That any person who shall in this State be guilty of the offense of adulterating spirituous or vinous liquors, or selling the same, knowing it to be adulterated by or with strychnine or other poisonous liquids or ingredients, upon conviction in any of the criminal or circuit courts of this State, shall be imprisoned in the penitentiary of this State not less than two years nor more than five years.

"SEC. 3. That anyone who shall be guilty of selling to any person in this State, by retail or wholesale, any spirituous or vinous liquors, adulterated as stated in the two preceding sections of this act, knowing the same to be so adulterated, shall incur all the penalties annexed to the second section of this act.

"SEC. 4. That it shall not be lawful for any person or persons to sell, or offer to sell, any spirituous or alcoholic liquors within this State, until he, she, or they shall first appear before the county court clerk of the county where such liquors are to be sold or offered for sale, and take and subscribe to an oath not to mix or adulterate, with any substance whatever, the liquors offered for sale; and give bond in the sum of five hundred dollars, with good and sufficient security, for the payment of all costs arising from prosecutions for violations of the provisions of this act.

"SEC. 5. That it shall not be lawful for any person or persons to manufacture or rectify any spirituous or alcoholic liquors within the limits of this State until

he, she, or they·shall first appear before the county court clerk of the county where such liquors are proposed to be manufactured or rectified, and take and subscribe to an oath not to adulterate, or suffer to be adulterated, any liquors manufactured or rectified by themselves or agents.

"SEC. 6.   That the provisions of this act shall not be so construed as to prevent druggists, physicians,· or persons engaged in the mechanical arts, from mixing and adulterating liquors for medicinal or mechanical purposes, to be by them used in their business.

"SEC. 7.   That no spirituous or alcoholic liquors imported into this State shall be sold within this State until the same shall first be inspected and tested ·by a competent chemist, to be appointed as hereinafter provided.

"SEC. 8.   That if any person or persons shall violate the seventh section of this act, he, she, or they shall be guilty of a high misdemeanor, and upon conviction shall be fined not more than one thousand dollars nor less than one hundred.

"SEC. 9.   That the grand jury may have power. to send for persons or papers in cases where they may be of the opinion that any person or persons have been guilty of violating any of the provisions of this act.

·"SEC. 10.   That if any person or persons shall sell any spirituous or alcoholic liquors without complying with the fourth and fifth sections of this act, they shall be deemed guilty of a misdemeanor, and upon conviction shall be fined not less than fifty, nor more than five hundred dollars.

"SEC. 13.   That before any person, or co-partnership of persons, shall be authorized to sell intoxicating liquors, he, she, or they shall file with the clerk of the county court, in the county where desired to sell the same, an affidavit to the following effect, to wit:

I, A. B., do solemnly swear that I will not mix or adul-
terate, with any poisonous substance whatever, any dis-
tilled or fermented liquor, or any composition of which
distilled or fermented liquors form a part; nor will I mix
the different kinds of liquors together, for the sake of
profit, nor dilute the same with water, nor will I per-
mit the same to be done.''

This act, with the exception of omitting section 12
relating to the county of St. Louis, and except a verbal
alteration in section 8, is embodied in General Statutes
1865, chapter 73, pages 376, 377.

This statute was passed upon in *State v. Ferguson*,
72 Mo. 297, where we held that a druggist and practic-
ing physician was liable to the penalty designated in
section 10 of the statute if he sold liquor which he had
prescribed without having taken the oath and given the
bond required by section 4 of the act; and in conclud-
ing our opinion in that case we remarked: ''The law
under consideration exempts *no one whomsoever* from
its penal provisions, except upon the performance of
the conditions which it prescribes.    We are not author-
ized to make exceptions and exemptions not made by
the legislature.    The druggist and the physician, there-
fore, stand on the same footing as the saloon keeper,
if selling in violation of the statute, by not having pre-
viously made oath and given bond.    Section 6 of the
chapter referred to is not in conflict with this view, as
that, while permitting the mixing and adulteration of
liquors for medicinal and mechanical purposes, must be
understood as taken in subjection to the provisions of
section 4, *supra*, requiring the making of the oath and
the giving of bond as a condition precedent to making
any lawful sale of liquors.''

It will be noted that this act prescribes a number
of different penalties for violating its differing pro-

Vol. 142 mo—38

visions, to wit:    In section 2, the punishment for the
felony of adulteration is imprisonment in the peniten-
tiary, and the same penalty attaches to the cognizant
vendor of adulterated liquor.    Section 4 prohibits any
person or persons from selling liquor without taking
oath and giving bond not to adulterate; section 5 pro-
hibits a manufacturer or rectifier of liquors from en-
gaging in such business without first taking an oath;
section 7 prohibits the sale of imported liquors without
inspection; section 8 affixes the penalty for violating
the preceding section a fine of from $100 to $1,000;
section 10 prescribes as punishment for violation of
sections 4 or 5 a fine of from $50 to $500.    So that it
will be seen that this act whose avowed object is to pre-
vent the adulteration of liquors has four different pen-
alties for its various violations.    By its plain terms *no
one* who makes a sale of liquor is exempted from taking
oath and giving bond.    And it is important to observe
that most of the sections in question, and all of those
involved in this controversy, having undergone revision,
are still retained on our statute books, to wit:    Revised
Statutes 1879, sections 1600, 1601, 1602, 1605, 1606,
1607, and are found under the appropriate title of
*"Crimes and Criminal Procedure."*    So, also, the same
sections appear in the last revision, Revised Statutes
1889, sections 3887, 3890, 3891, 3892, 3893, 3894, under
the fit title of *"Crimes and Punishments."*    And those
sections, undergoing some degree of amendment, were
kept in force by various statutory enactments until
brought to their present shape.    Laws 1877, p. 340,
approved April 24 of that year.    At the same session
an act was passed, "An act to regulate the sale of in-
toxicating liquors by dealers in drugs and medicines,"
approved May 2.    In 1879 an act was passed of a sim-
ilar title with some additions, approved May 19,
which expressly repealed the act aforesaid of May 2,

1877, and "all other acts or parts of acts inconsistent with the provisions of that act." See Laws 1879, p. 165. In 1881 was passed an act entitled "An act to regulate the sale of medicines and poisons by druggists and pharmacists," approved March 26. Laws 1881, p. 130. In its concluding section it repeals "all acts and parts of acts in conflict with that act."

In none of these acts, however, was there the slightest hint or intimation given of an intent to do away with those statutory provisions contained in section 4 of the original act requiring oath and bond to be given, not to adulterate liquors, which section has now become section 3890 of the present revision.

In *State v. Roller*, 77 Mo. 120, it was ruled that "both the act of 1879 and that of 1881 were intended to regulate the whole subject of the sale of intoxicating liquors by druggists," and that "there is no room to doubt that the act of 1881 was intended as a substitute for that of 1879." It is immaterial to discuss whether the act of 1881 operated as a substitute for that of 1879, but it is certain that, according to the very terms of its repealing clause, it did not repeal nor did it profess to repeal anything in the act of 1879, or any other law, unless *"in conflict with"* that act. That case proceeds on the familiar theory that where the whole subject-matter of a statute or statutes is revised there "the revision is a substitute; it displaces and repeals the former law as it stood relating to the subjects within its purview." Sutherland, Stat. Const., sec. 154. Not so, however, when the revising act prescribes its effect on a previous statute or statutes, for there it will have no other. "Thus if it contains an express repeal of all inconsistent acts and parts of acts, there is an implication that if there are parts of former acts not embraced in the new act and not inconsistent, they are not repealed." *Ib.*, sec. 155. The section

now in question, section 3890, was not within the purview of either the act of 1879 or that of 1881, and consequently was not repealed by them nor intended to be; and if the *State v. Roller, supra,* contains anything to the contrary of this, we overrule it.

Besides, the statute under review is in *pari materia* with the statute relating to dramshops and to druggists, Revised Statutes 1889, chapters 56 and 58, and they are to be construed together as though they constituted but one act.   This must be done since the litigated statute forms with the others a whole system of which it forms a part.   Even cognate statutes, though not strictly in *pari materia,* may be invoked and referred to in order to elucidate the legislative intent.   Sutherland, Stat. Const., secs. 283, 284; *Ex parte Marmaduke,* 91 Mo. *loc. cit.* 257.

If the theory of defendant were to prevail in this case, then it would be impossible to secure a conviction against *anyone* for the offense of selling liquor without oath and giving bond.   Not against the *druggist,* because *all* the law in *his* case is to be found in chapter 58, *supra;* not against the *dramshop keeper,* because *all* the law in *his* case is confined to the sections of chapter 56; nor against the *merchant,* chapter 111, Revised Statutes 1889, because neither section 6915, which prohibits a *merchant* to sell liquor without license, under penalty of a fine of from $50 to $500, etc., nor in any other section of that chapter, is there found any requirement for him to take oath or give bond prior to selling liquor.

The result of all which would be that section 3890 would be a *dead letter,* since there would remain no class of sellers upon which it could operate.   We are not inclined to give such a *nullifying* effect to a statute which has stood on our statute books for nearly thirty-seven years, and has passed through two revising ses-

sions of our legislature, and in addition has received a judicial construction in *Ferguson's* case, in evident accord with the views of the legislature at the last revising session.

Something has been said by counsel to the effect that it is to be noted that the law, as contained in section 3887, Revised Statutes 1889, makes the adulteration of *liquor* a *felony*, while section 4616 of the chapter 58, relating to druggists, makes the adulteration by him only a *misdemeanor*. But that section does not relate to nor prohibit adulteration of *liquors*, but only to the adulteration of *"drugs, chemicals or medical preparations."* But even if it did relate to liquors, this fact would not affect the prohibitory force of section 3890.

In a word, we hold as we did in *State v. Ferguson, supra*, that when a *druggist* sells *plain liquor* called for by a physician's prescription, he violates the law unless he has made preparation by previously taking the required oath and giving the required bond. In this regard *all men* who sell liquor in this State stand *equal before the law*.

This cause was transferred to this court by the Kansas City Court of Appeals, owing to a conflict between *State v. Hughes*, 35 Mo. App. 515, decided by that court, and *State v. Goff*, 65 Mo. App. 498, decided by the St. Louis Court of Appeals.

It results from the views already expressed that we disapprove the former and approve the latter decision. Hence, judgment affirmed.

All concur.