## STATE OR MISSOURI, Respondent, v. AUGUST MIEYER, Appellant.

### St. Louis Court of Appeals, April 15, 1902.

1. **Intoxicating Liquors: LICENSE FROM FEDERAL GOVERN-MENT: UNLAWFUL SALES.** A license from the Federal Government to run a distillery, does not justify a person in selling intoxicating liquor without complying with the reasonable statutory regulations of this State; and defendant had no right to make the sale he did, without first complying with the terms of the statutes.

2. **R. S. 1899, SECS. 2289 AND 2292, CONSTRUED.** In a prosecution for selling liquors without first complying with Revised Statutes 1899, sections 2289, and 2292, respecting the adulteration and sale of liquors, and requiring the filing of a bond not to adulterate the same, mere proof that defendant was a regularly licensed distiller, and had paid a license fee to the United States, is no defense.

Appeal from Texas Circuit Court.—*Hon. Leigh B. Woodside,* Judge.

AFFIRMED.

*W. L. Hiatt* and *James Orchard* for appellant.

We do not think it would be contended for a minute that a manufacturer would have to make and file two bonds and two affidavits; when the manufacturer complies with section 2290, Revised Statutes 1899, that is all he is required to do. Of course, he sells the product as a manufacturer, already having sworn not to adulterate, etc. Why should he be required to take another and separate oath? Criminal statutes should be strictly construed. If defendant violated the manufacturer's statute, then he should have been prosecuted under it and not under the dealer's section, 2289.

*W. E. Barton* for respondent.

(1)   We anticipate appellant's defense to be that he, being a manufacturer of liquors, should have been charged under Revised Statutes 1899, sections 2290 and 2292, instead of sections 2289 and 2292.   But this contention can avail him nothing in this case for the following reasons:   "The law under consideration exempts no one whomsoever from its penal provisions except upon the performance of the conditions which it prescribes."   State v. Summers, 142 Mo. 586; State v. Ferguson, 72 Mo. 297; State v. Goff, 65 Mo. App. 498. (2)   If defendant was exempted from taking the oath prescribed by Revised Statutes 1899, section 2289, he is not excused from giving the required bond.   The demurrer to the evidence, for this reason if no other, should not have been sustained.   State v. Crowley, 37 Mo. 369.

GOODE, J.—Two informations were filed in the circuit court of Texas county against the defendant, August Mieyer, each of which charged him with the offense of selling a spirituous liquor, to-wit: one half-pint of whiskey, without first appearing before the clerk of the county court of said county and taking and subscribing an oath not to mix or adulterate the liquor offered by him for sale with any substance whatever and without previously giving bond in the sum of five hundred dollars for the payment of all costs arising from prosecutions for violations of the provisions of the Revised Statutes in relation to the adulteration and sale of intoxicating liquors.

By agreement the two informations were consolidated and treated as one cause with two counts, one for each of the distinct offenses, and defendant was found guilty by the jury on both counts, sentence entered accordingly and an appeal taken to this court.

Appellant's counsel have seen fit to leave us without the

State v. Mieyer.

assistance of a brief on their side in the consideration of this case; but we have examined carefully the assignments of error made in the motion for a new trial.

The sales of liquor were positively proven, nor was any defense attempted except by the testimony of the defendant that he was a regularly authorized distiller, and that he had paid the license fee to the Government of the United States. Having a license from the Federal Government to run a distillery does not justify a person in selling intoxicating liquor without complying with the reasonable statutory regulations of this State, which is entitled, in the exercise of its police power, to supervise and control the mode in which intoxicants may be sold within its boundaries. Defendant had no right to make the sale he did without first complying with the terms of the statutes. R. S. 1899, secs. 2289 to 2292, inclusive.

Those statutes were ruled to be binding on all persons whomsoever, in a well-considered opinion of the Supreme Court written by Judge SHERWOOD, which discussed them at length and definitely settled their meaning. State v. Summers, 142 Mo. 586.

When the State proved the sales of whiskey were made by the defendant, as charged in the information, it devolved on the defendant to show that he had complied with the requirement of the above-cited section of the statutes, which he failed to do. State v. Finn, 34 Mo. App. (K. C.) 504.

The judgment is, therefore, affirmed. All concur.