State v. Winkelmeier.

———◦◦◦———

THE STATE OF MISSOURI, Respondent, *v.* JULIUS WINKELMEIER, Appellant.

*Crimes—Sunday—Majority of Voters—Election.*—Where an act of the General Assembly gave permission to the municipal corporations in the county of St. Louis to allow the sale of refreshments (distilled liquors excepted) upon any day in the week, when authorized by a majority of the legal voters of the respective cities; a vote of five thousand cast for such permission out of a vote of thirteen thousand cast for city officers at the election on the same day, is not the vote of the majority, two thousand votes only being cast against such permission.

*Appeal from St. Louis Criminal Court.*

*Voullaire,* for respondent.

*Woerner,* for appellant.

BATES, Judge, delivered the opinion of the court.

The defendant was indicted for selling liquor on Sunday. The evidence was that he sold beer, but did not sell distilled liquors. He was found guilty and fined, and appealed to this court. He claims a right to keep open his beer-house and sell beer on Sunday, under a supposed permission by the corporate authorities of the city of St. Louis. The General Assembly, by an act approved March 4, 1857, enacted " that the corporate authorities of the different cities in the county

State v. Winkelmeier.

of St. Louis shall have the power, whenever a majority of the legal voters of the respective cities in said county authorize them so to do, to grant permission for the opening of any establishment, or establishments, within the corporate limits of said cities, for the sale of refreshments of any kind (distilled liquors excepted), on any day in the week."

This act does not directly repeal the act making it criminal to sell fermented liquor on Sunday; and the power of the city of St. Louis to grant permission for the opening of any establishment for the sale of beer on Sunday, very clearly depends upon a previous authorization by a majority of the legal voters of the city. The act expressly requires a majority of the legal voters; that is, of all the legal voters of the city, and not merely of all those who might at a particular time choose to vote upon the question. The defendant did not give in evidence any permission specially to himself, but gave in evidence an ordinance of the city of St. Louis, approved on the 24th day of March, 1858, which provided for an election to be held in the city of St. Louis on the first Monday in April, then next, to determine by vote "the question whether the city of St. Louis shall or may grant permission for the opening of any establishment or establishments, within the corporate limits of said city, for the sale of refreshments of any kind (distilled liquors excepted) on any day of the week," in accordance with the act above quoted.

The defendant also gave in evidence the returns of the election held on the said first Monday of April, 1858, of city officers, and upon the question of the authority of the city to grant permission to open establishments for the sale of refreshments on Sunday, by which it appeared that more than thirteen thousand voters participated in that election, and that only five thousand and thirty-five persons voted in favor of giving to the city authority to grant permission to open establishments for the sale of refreshments on Sunday, and two thousand and one persons voted against it.

Even if such an election were the proper mode by which

the majority of the legal voters could give to the city the authority proposed, (as to which no opinion is given,) it is evident that the vote of five thousand out of thirteen thousand voters is not the vote of a majority, and, under the act quoted, no authority was given to the city to grant the permission. It is, therefore, unnecessary to examine whether the corporate authorities of the city attempted to grant the permission, as any such grant would be void.

Judgment affirmed. Judges Bay and Dryden concur.