STATE *ex rel.* JONATHAN M. BASSETT, Plaintiff and Petitioner, *v.* WILLIAM P. RENICK, MAYOR OF THE CITY OF ST. JOSEPH, Respondent.

*Elections.* — Where a proposition to issue bonds was submitted to a two-thirds vote of the qualified voters of a city, it is sufficient if two-thirds of the qualified voters who voted at the special election, voted in favor of the proposition.

## *Petition for Mandamus.*

*J. M. Bassett*, in person.

I. That the return of the defendant shows no legal cause for refusing to sign said bond ; and said return admitting the truth of the facts in the petition, the writ of *mandamus* must be made peremptory according to the prayer of petitioner. (35 Mo. 198.)

II. That the city council of St. Joseph have no means of ascertaining the true number of qualified voters in the city at the time said special election was held, except by relying upon the number of votes polled at said special election as compared with the number of votes polled at the general election for city officers immediately preceding.

III. There having been more votes polled at said special election than at the preceding general election for city offi-

cers, and nearly all of said votes being cast for said ordinance, the city council were authorized to consider said ordinance adopted by two-thirds of the qualified voters of said city.

IV. No voter was qualified to vote at said special election without first taking the constitutional oath, and there being no registry law by which the qualified voters in the city could be ascertained, the votes cast at the last election for city officers, and the votes cast at said subsequent election, furnish the only correct criterion to ascertain the number of qualified voters in the city at the time said special election was held.

V. The case of the State of Missouri v. Julius Winkelmeier, (reported in 35 Mo. 103,) does not militate against the positions here assumed. It is an affirmance of the principle for plaintiff, the Supreme Court having taken the number of qualified votes polled at a general election in St. Louis as a criterion to judge of the number of qualified voters then in said city.

VI. The city council acting upon the evidence of the number of votes polled at said general and special elections, and having sanctioned said ordinance by issuing bonds under it, and due notice of said election having been given, the action of said council is conclusive. At said special election all persons qualified to vote were called upon to do so, and this court will not now listen to objections that two-thirds of the qualified voters of said city did not vote for said ordinance. (People v. City of Rochester, 21 Barb., N. Y., 671.)

HOLMES, Judge, delivered the opinion of the court.

This is a petition for a *mandamus* on the mayor of the city of St. Joseph, requiring him to sign and issue certain bonds of the city. The return admits the facts stated in the petition. By the Act of the General Assembly of Missouri of the 19th of December, 1865, it was provided that the mayor and council of the city of St. Joseph should cause all propositions " to create a debt by borrowing money

for any purpose whatsoever," to be submitted "to a vote of the qualified voters of said city," and that in all such cases it should require "two-thirds of such qualified voters to sanction the same." In pursuance of this act, the city council passed an ordinance authorizing the bonds of the city to be issued, to the amount of fifty thousand dollars, for the improvement of streets in the city, and making it the duty of the mayor and city register to issue any number of the bonds so authorized to be issued to any citizen or citizens who might be willing to take the same, the proceeds to be applied to the purposes expressed in the ordinance; and it was further provided that the ordinance should be submitted "to a vote of the qualified voters in the city of St. Joseph, on Saturday, the 13th day of January, 1866, at the usual places of holding elections in the different wards of the city," in accordance with the provisions of the charter and laws of the city then in force. On that day an election was held, and it appears by the certificate of the city register that four hundred and four votes were polled, of which three hundred and thirty-six votes were in favor of the ordinance, and fifty-eight votes against it. It appeared also that at the last previous general election held in this city, in April, 1864, the whole number of votes polled was three hundred and thirty-eight.

The only reason given by the mayor for declining to sign the bond in question was, that he was in doubt whether the matter was to be determined by two-thirds of all the votes polled at the special election, or by two-thirds of all the voters resident in the city, absolutely, whether voting or not. We think it was sufficient that two-thirds of all the qualified voters who voted at the special election, authorized for the express purpose of determining that question, on public notice duly given, voted in favor of the proposition. This was the mode provided by law for ascertaining the sense of the qualified voters of the city upon that question. There would appear to be no other practicable way in which the matter could be determined.

A peremptory *mandamus* will be ordered.   Judge Wagner concurs ; Judge Lovelace absent.