State v. Binder.

STATE OF MISSOURI, Respondent, *v.* HENRY BINDER, Appellant.

1. *Elections—Voters.*—It is to be presumed, in the absence of any evidence to the contrary, that the voters voting at an election "held in pursuance of law and upon proper notice," are all the legal voters; or, that those who did not choose to vote (if there are any) acquiesce in the action of those who do vote, and are to be considered as bound and concluded by the result of the election. (Bassett v. Mayor, &c., 37 Mo. 270.)

State v. Binder.

2. *Elections—City of St. Louis—Crimes.*—The statute of Mar. 4, 1857, provided that the municipal corporations of St. Louis county, whenever authorized by a majority of the legal voters, might grant permission to sell within the corporate limits, on Sunday, any refreshments except distilled spirits. At an election, the majority of those voting voted in favor of giving the permission, and the city council of St. Louis passed an ordinance accordingly. *Held*, that the ordinance of the city thus passed operated so far as a repeal of the statute forbidding the sale of fermented liquors on Sunday (R. C. 1855, p. 631, § 36) within the limits of the city of St. Louis.

*Appeal from the St. Louis Criminal Court.*

*Woehner & Kehr* and *Brockmeyer*, for appellant.

The first section of "An act confirming certain powers to the citizens of St. Louis county," approved March 4, 1857, (Laws of Mo. 1857, p. 673, provides that "the corporate authorities of the different cities in the county of St. Louis shall have power, whenever a majority of the legal voters of the respective cities in said county authorize them so to do, to grant permission for the opening of any establishment or establishments, within the corporate limits of said cities, for the sale of refreshments of any kind (distilled liquors excepted), on any day of the week."

The Legislature clearly delegated to the city authorities, by the above enactment, power, under certain conditions—i. e. whenever a majority of the legal voters authorize them so to do—to grant permission for the sale of refreshments on Sunday, repealing not only by implication but in terms any law inconsistent with the authority thus delegated—§ 4 of the act above cited. The section of the law under which the defendant is indicted ("Act concerning crimes and punishments," art. 8, § 36, R. C. 1855, p. 631) makes the selling of any article on Sunday, or the keeping open of any establishment for such sale, an offence, is therefore inconsistent with the authority granted in the act of 1857, and necessarily repealed thereby—at least so far as any person is concerned who keeps open an establishment for the sale of refreshments (except distilled liquors) on Sunday, under permission from the city authorities, authorized to give such permission by a

majority of the legal voters of the city. It is respectfully submitted, that the proof shows fully and clearly that

I. The defendant is an inhabitant of the city of St. Louis, and that the acts alleged against him in the indictment were committed within the corporate limits of said city.

II. He acted under permission, granted to him and the other inhabitants of said city by the corporate authorities thereof, to keep open his establishment or place of business for the sale only of soda water and other beverages, not being distilled liquors, or compositions of which distilled liquors form a part.

The General Assembly is the only law-making power in the State : the ordinances of the city have validity and effect only in so far as they flow from and exercise or carry out some power delegated by the Legislature. " The legislative power shall be vested in a General Assembly"—Const. Mo., art. 3, § 1, R. C. 1855, p. 65. And " the General Assembly has power to incorporate cities, towns, &c., and vest them with authority to legislate in regard to their police"—State v. Simonds, 3 Mo. 414. " The grant of power to pass ordinances for the government of the city of St. Louis, not inconsistent with the constitution and laws of the State, is not a delegation of the law-making power of the government delegated by the constitution to the General Assembly"—Metcalf v. City of St. Louis, 11 Mo. 102.

III. It remains, then, only to be proved, that the condition imposed by the Legislature for the vesting of this power in the corporate authorities of the city has been complied with. It is not an unusual proceeding, by means of which to ascertain the views of electors upon important subjects. The laws are numerous directing such votes to be taken, and the courts have declared these laws to be constitutional—City of St. Louis v. Alexander, 23 Mo. 483.

Where an election is legally proposed, and proper notice given to the persons entitled to vote, it is necessary, from the very nature of elections, to construe the neglect to vote on the part of legal voters into an assent to the determination of

the majority of those who do—Wilcock on Corp. 546, § 119 ; Rex v. Foxcroft, 2 Burr. 1021 ; Grant on Corp. 68–70, and authorities there cited ; Rex v. Bailiff of Ipswich, 2 Salk. 434 ; Gosling v. Veley, 7 A. & E. 406 ; State v. Deliessline, 1 McCord, 52 ; State v. Huggins, Harp. 139.

A recent decision of this court seems to leave no room for anything further to be said in this respect—State ex rel., &c., v. Mayor of St. Joseph, 37 Mo. 270.

HOLMES, Judge, delivered the opinion of the court.

The defendant was convicted upon an indictment containing two counts, one for selling fermented and distilled liquors, and one for keeping open an ale and porter house, on Sunday, under the thirty-sixth section of the eighth article of the statute concerning Crimes and Punishments—R. C. 1855, p. 631.

It was proved for the State that the defendant kept his beer-house open on Sunday for the sale of beer only, and that beer was a fermented liquor, and was sold there on that day. No other evidence was offered on the part of the prosecution.

The defendant gave in evidence a city ordinance, entitled " An ordinance providing for taking the sense of the legal voters of the city of St. Louis respecting the opening of establishments within the city of St. Louis for the sale of refreshments of any kind (distilled liquors excepted) on any day of the week," passed in pursuance of the act of the General Assembly, entitled " An act confirming certain powers to the citizens of St. Louis county," approved March 4, 1857, which provided " that the corporate authorities of the different cities in the county of St. Louis shall have the power, whenever a majority of the legal voters of the respective cities in said county authorize them so to do, to grant permission for the opening of any establishment or establishments, within the corporate limits of said cities, for the sale of refreshments of any kind (distilled liquors excepted), on any day in the week."

This ordinance provided that an election should be held on the first Monday in April, 1858, in the city of St. Louis, for the purpose of enabling the legal voters of the city to determine by vote the question, whether the City of St. Louis should grant the permission contemplated by the act aforesaid; and the mayor was authorized. to notify the voters of the city, by proclamation, of the taking of such vote, in the same manner as in cases of elections of city officers. Under this ordinance a proclamation was duly issued by the mayor, giving such notification. An election was held, accordingly, on the day named, the result of which was, as it appeared by the returns of the vote to the city register (a certified copy of which was given in evidence), that the whole number of votes cast at said election was seven thousand and eighty-five, of which five thousand and fifty-one were given in the affirmative, and two thousand and thirty-four in the negative of the proposition. The statement of the returns of the vote was certified by the city register to be " a true copy of the vote cast as above at said election as the same is of record in my office." This was the whole evidence concerning the election and the vote.

Other city ordinances of the dates respectively of the 21st of June, 1861, and the 3d of September, 1864, were given in evidence by the defendant, which authorized the keeping open of establishments in the city, on Sunday, for the sale of beverages other than distilled liquors, or compositions of which distilled liquors formed a part. These ordinances appear to have been passed in pursuance of the permission given by the legal voters of the city as signified by the vote taken at said election, and certified by the city register, under the act of the General Assembly aforesaid.

This being all the evidence, the defendant asked the following instruction, which was refused : " If the jury find from the evidence that a majority of the legal voters of the city of St. Louis did authorize the corporate authorities of said city to permit the sale of refreshments of any kind (distilled liquors excepted) on any. day of the week, that thereupon

the city council of said city did by ordinance permit the sale of beverages, not distilled liquors, or compositions of which distilled liquors form a part; and that the acts alleged against the defendant in the indictment were committed in the city of St. Louis, then they should acquit the defendant, unless they find that the defendant did sell, or keep open his place of business for the purpose of selling, distilled liquors, or compositions of which distilled liquors form a part."

The instructions given for the State were all predicated upon the section of the statute upon which the indictment was framed, without reference to the above cited act of 4th March, 1857, or to the ordinances passed and the proceedings had under that act. They assumed that no change had thereby been made in the previous statute.

In support of this ruling of the court, the decision in the case of the State v. Winkelmeier, 35 Mo. 103, is relied upon. The evidence in that case (as appears by the opinion delivered) of the returns made of the election held, upon the question of giving authority to the city to grant the permission in question, showed " that more than thirteen thousand voters participated in that election," and that only five thousand and thirty-five persons voted in favor of the proposition, and two thousand and one voted against it.

On the question whether " such an election were the proper mode by which the majority of the legal voters could give to the city the authority proposed," it was expressly said that no opinion was given; but it was held, that " the vote of five thousand out of thirteen thousand voters was not the vote of a majority," and that no authority was thereby given to the city to grant the required permission.

In the case of the State ex rel. Bassett v. Mayor of St. Joseph, 37 Mo. 270, when an act of the General Assembly provided that the mayor and council of the city should cause all propositions for creating a debt by borrowing money to be submitted " to a vote of the qualified voters of said city," and that in all such cases it should require " two thirds of the qualified voters to sanction the same," and it appeared

that two thirds of all the voters voting had voted in favor of the proposition, that was held to be sufficient.

We think the case made here comes within the reasoning and the principles of that decision, namely, that an election of this kind, authorized for the very purpose of determining that question, on public notice duly given, was the mode contemplated by the Legislature as well as by the law for ascertaining the sense of the legal voters upon the question submitted, and that there could not well be any other practicable way in which such a matter could be determined.

And certainly, in the absence of any evidence to the contrary, it may be presumed that the voters voting at an election so held, were all the legal voters of the city; or, that all those who did not see fit to vote (if there were any) acquiesced in the action of those who did vote, and so are to be considered as equally bound and concluded by the result of the election—Rex v. Foxcroft, 2 Burr. 1017; Wilcock on Corp. 546.

The act of the General Assembly did not directly repeal the statute making it a misdemeanor to sell fermented liquors on Sunday; but it gave to the City of St. Louis the power to pass an ordinance which should have the effect to allow the sale of such liquors on Sunday within the corporate limits, whenever a majority of the legal voters of the city should authorize the same to be done; and when that power had been called into exercise, and ordinances had been passed in pursuance of such authority given, the effect thereof was necessarily to repeal so far, and to supersede, the previous statute. The exercise of this power was made by the act to be dependent upon the consent and authority of a majority of the legal voters of the city. From the words, and the apparent object of the act, it may fairly be inferred as necessarily implied that this consent and authority were to be ascertained in the usual manner by a vote at an election, duly authorized and appointed for the purpose of taking the sense of the voters on that subject. If it were never to be ascertained at all, the act would be perfectly nugatory; and it

would seem to be very evident that it was the intention of the Legislature to authorize the city by the said act (if, indeed, any additional powers were at all needed) to provide by ordinance for such an election. The sense of the majority of the legal voters was to be taken in some mode, and it was left to the city to prescribe that mode by ordinance— the only way in which the corporation could act upon the subject. We are of the opinion, therefore, that the defendant had given competent and sufficient evidence tending to prove that the requisite authority of the legal voters of the city had been duly given, and that the ordinances which were passed in pursuance thereof were valid and effectual. Our conclusion is, then, that the defendant's instruction should have been given, and that there was error in those which were given for the State.

Judgment reversed and cause remanded. Judge Wagner concurs ; Judge Fagg absent.