## SMITH VS. THE CITY OF JANESVILLE.

26 291
92 69
26 291
93 621
26 291
105 369

(1.) PLEADING : *Form of denial.*
(2.) PRACTICE : *Questions before appellate court, where there is no finding upon an issue made, and no exception to the omission.*
(3.) LEGISLATIVE POWER : *Statute to take effect only after approval by popular vote.*

1. The averment in an answer that defendant "has no knowledge or information sufficient to form a belief," *held* a denial, where the defendant was a city, and the allegation of the complaint was that the city assessors had knowingly and intentionally assessed certain kinds of property at less than its true value.
2. Where allegations of the complaint are denied, and there is no finding upon the issue thus raised, and no exception to the omission thereof, the cause must be considered, on plaintiff's appeal from the judgment, as if no such allegations had been made.

Smith vs. The City of Janesville.

3. An act of the legislature affecting the people of the whole state (ch. 102, Laws of 1866), is not invalid because, by its terms, it was to take effect only after it should be approved by a majority of the popular vote at a certain election.

APPEAL from the Circuit Court for *Rock County*.

The plaintiff sought in this action to recover $197.57, paid by him to the treasurer of the defendant city (under protest and to avoid a collection by sale of his property), as a tax upon shares owned by him in the Rock County National Bank. The complaint alleges, *inter alia*, that the bank was organized under the act of Congress of June 3, 1864; that its whole capital stock was invested in United States bonds; that the shares were assessed to him at their par value; that certain kinds of personal property owned by residents of said city and subject to taxation, and all real property in said city, were, by the assessors, knowingly and intentionally assessed at less than their true value, and and at not more than sixty per centum thereof. It is also alleged that there was no valid law in this state, in 1867, authorizing taxation of the shares of the stock of national banks, owned by residents of the state.

The answer denied that defendant had any knowledge or information sufficient to form a belief whether the allegations as to the assessment of real and personal property in said city for 1867, at less than their real value, were true; and also denied on information and belief, that there was no valid law in 1867 authorizing the taxation of shares in national banks.

The court found specifically the various facts alleged in the complaint, but omitted to find whether the assessors of the city had knowingly and intentionally assessed any property at less than its true value. It held that in 1867 no law existed in this state authorizing the taxation of shares of stock in national banks, and rendered judgment for the plaintiff. The defendant appealed.

*J. W. Sale*, for appellant, to the point that shares of national banks in this state were subject to taxation in 1867, cited 13 U S. Stat. at Large, p. 102, sec. 12, and p. 112, sec. 41; Laws of 1859, ch. 167, secs. 1, 8; Laws of 1866, ch. 102.

*Conger & Sloan*, for respondent:

1. The evidence taken on the trial is not made a part of the record, and the presumption is, that it supported the complaint, and that if exceptions had been served and settled, the finding would have been amended so as to conform to the complaint and support the judgment. *Sayre v. Langton*, 7 Wis. 214. 2. Where allegations of the complaint are not denied, no finding is necessary. But where one is made, such undenied allegations are regarded as a part of the finding. *Downer v. Sexton*, 17 Wis. 29. The averment in the answer as to plaintiff's allegation that the city assessors knowing and intentionally assessed certain kinds of property at less than their true value, does not constitute a denial. *Hawks v. Ins. Co.*, 11 Wis. 188; *Lefferts v. Supervisors*, 21 id. 688; *Mills v. Town of Jefferson*, 20 id. 50. 3. No law existed in this state authorizing taxes to be levied on shares of national banks in 1867. That part of ch. 102, Laws of 1866, which relates to this subject, is wholly inoperative and void, because (by section 4) it was only "to take effect and be in force from an after the date" of an approval by the vote of the people. *Thorne v. Cramer*, 15 Barb. 112; *Barto v. Himrod*, 4 Seld. 483; *Starin v. Genoa*, 23 N. Y. 439; *Rice v. Fotser*, 4 Harrington, 479; *C. W. & Z. R. R. Co. v. Commissioners*, 1 Ohio St. 77; *Geebrick v. The State*, 5 Iowa, 491.

DIXON, C. J. The allegations of the complaint that certain kinds and classes of personal property were knowingly, intentionally, etc., assessed by the assessors at less than the true value thereof, and that all the lands and real estate in the city were in like manner

assessed at less than their true value, are denied by the answer; and, being so denied, there is no question before this court with respect to them. The court below found nothing upon that issue, and the case stands here as if no such issue had been made. The plaintiff cannot, therefore, as he seeks to do, avail himself of those allegations, as if undenied, in order to sustain his judgment; and this leaves only the single question as to whether there was any statute or law of this state, in force at the time, authorizing the taxation of the plaintiff's shares of stock in the national bank. Chapter 102, Laws of 1866, purports to be such a law. It was under that act that the taxes here were levied and collected. But it is said that the act is void, or at least so much of it as pertains to the taxation of shares in national banks, because it was submitted to a vote of the people, or provided that it should take effect only after approval by a majority of the electors voting on the subject at the next general election. This was no more than providing that the act should take effect on the happening of a certain future contingency, that contingency being a popular vote in its favor. No one doubts the general power of the legislature to make such regulations and conditions as it pleases with regard to the taking effect or operation of laws. They may be absolute, or conditional and contingent; and if the latter, they may take effect on the happening of any event which is future and uncertain. Instances of this kind of legislation are not unfrequent. The law of congress suspending the writ of *habeas corpus* during the late rebellion is one; and several others are referred to in the case *In re Richard Oliver*, 17 Wis. 681. It being conceded that the legislature possesses this general power, the only question here would seem to be, whether a vote of the people in favor of a law is to be excluded from the number of those future contingent events upon which it may be

provided that it shall take effect.   A similar question was before this court in a late case (*State ex rel. Attorney General v. O'Neill, Mayor, etc.*, 24 Wis. 149), and was very elaborately discussed.   We came unanimously to the conclusion in that case, that a provision for a vote of the electors of the city of Milwaukee in favor of an act of the legislature, before it should take effect, was a lawful contingency, and that the act was valid. That was a law affecting the people of Milwaukee particularly, while this was one affecting the people of the whole state.   There the law was submitted to the voters of that city, and here it was submitted to those of the state at large.   What is the difference between the two cases?   It is manifest, on principle, that there cannot be any.   The whole reasoning of that case goes to show that this act must be valid; and so it has been held in the best considered cases, as will be seen by reference to that opinion.   We are constrained to hold, therefore, that this act is and was in all respects valid from the time it took effect, in November, 1866; and consequently that there was no want of authority for the levy and collection of the taxes in question.

*By the Court.*—The judgment is reversed, and the cause remanded for a new trial according to law.