————o————

OPINION OF SUPREME COURT JUDGES ON TOWNSHIP ORGANIZA-
TION LAW.

1. *Counties, political sub-divisions of the State.*—Counties are sub-divisions of the State for governmental purposes, and the General Assembly may create, alter, abolish and regulate them as expediency may demand, so that no vested rights are interfered with.

PER CURIAM.

2. *Township Organization Law constitutional—Does not delegate legislation.*—The Township Organization Law is not unconstitutional. It is a general law, which takes effect from and after its passage. If the majority of the voters in a county vote for it, the vote does not create the law, but places the county so voting within its provisions. The law does not delegate legislative authority to the counties. (See State ex rel. vs. Wilcox, 45 Mo., 458 and authorities cited.)

PER VORIES, J., DISSENTING.

3. *Township law unconstitutional—Delegation of power to counties.*—The Township Organization Law is unconstitutional, for it attempts to delegate the legislative power to the different counties of the State. It derives vitality from the action of the several counties, and without such action would remain a dead letter. It has force from its passage merely for the purpose of transferring the power, to adopt the act, from the legislature to the counties. (State vs. Field, 17 Mo., 529.)

| | |
|---|---|
| 55 | 295 |
| 98 | 680 |
| 55 | 295 |
| 123 | 77 |
| 55 | 295 |
| 154 | 440 |
| 154 | 445 |
| 154 | 498 |
| 154 | 504 |
| 154 | 506 |
| 154 | 523 |
| 154 | 532 |
| 154 | 535 |

HOUSE OF REPRESENTATIVES, JEFFERSON CITY, Jan. 31st, 1873.

The subjoined opinion of the Supreme Court was rendered in answer to the following resolution of the House of Representatives of the 27th General Assembly :

Whereas, grave doubts have arisen throughout this State, as to the constitutionality of the present Township Organization Law, and whereas, the opinion of the Supreme Court of this State upon the matter is desired by the House, with a view to further and effective legislation: therefore, be it resolved, that this House do now respectfully request the Supreme Court of this State to give their opinion to this House as to whether said law be constitutional or not.    Which was read and adopted.              J. T. PRATT, Chief Clerk.

AT CHAMBERS, JEFFERSON CITY, Mo., Feb'y 3rd, 1873.

If the annexed resolution is to receive a literal interpretation, it appears to be a call on the Supreme Court for its opinion as to the constitutionality of the present Township Organization Law.    This court has no authority under the Constitution to give opinions on abstract questions of law.    Its office is to hear and determine real controversies in all cases properly brought before it.    It was not the intention of section 11 of article 6 of the Constitution to allow the Supreme Court to give its opinion on questions of constitutional law referred to in that section.    The judges, and not the court, are required by that section, on solemn occasions, when called on for that purpose, to give their opinion on questions of constitutional law.    But assuming that the intention of the resolution was, that the judges should give their opinion as law officers *pro hac vice*, we will proceed briefly to state our views as to the constitutionality of this law.

Counties are sub-divisions of the State for governmental purposes, and there can be no doubt about the constitutional power of the General Assembly to create, alter, abolish and regulate them as expediency may demand, so that no vested rights are interfered with.    This Township Organization Law contains no provisions, so far as we are able to see, prohibited

by the Constitution.  It is a general law made for the whole State, and by the terms of the act itself took effect from and, after its passage.  Every county in the State may avail itself of the privileges offered by this law by a majority vote of its people.  It is left to the option of the counties, whether they will organize under the law or not.  If a majority vote for it, such vote does not create the law, but places the county so voting within its provisions, and the organization then takes effect, and also the law, as it existed before the vote was taken. The law does not delegate, nor was it the intention of the law makers to delegate legislative authority to the counties. Unless the counties avail themselves of the right to organize they will remain as they were, unaffected by any of the provisions of this statute.  It is unnecessary to elaborate this point or to write a lengthy political essay on a subject, which, it seems to us, needs no illustration.  It is sufficient to say, that we are satisfied that no provision of the Constitution has been violated in the passage of this law ; and, without further discussion, we refer the Hon. House of Representatives to the case of the State *ex rel.* Joseph Dome, *et al.* vs. Orville Wilcox, 45 Mo., 458, and the authorities there cited, where a similar law came under review, and was held by the Supreme Court to be constitutional.          WASH ADAMS,
                                        DAVID WAGNER,
                                        T. A. SHERWOOD.

I concur in the conclusion arrived at in the foregoing opinion.                              E. B. EWING.

[This case should, chronologically, have appeared in Vol. 51. Rep.]

AT CHAMBERS, Feb'y 4th, 1873.

*To the House of Representatives of the General Assembly of the State of Missouri* :

I suppose that it is intended by the annexed resolution to ask my opinion as a judge, of the Supreme Court of the State (under section 11 of article 6 of the Constitution of this State), as to whether the law known as the "Township Organization Law" be constitutional or not.  I have not been able to give the subject as much investigation as its importance deserves,

yet I have given it all the investigation that my health and the time at my command would, under the circumstances, permit. From the investigation made, my mind has been forced to the conclusion, that the law referred to is in violation of the Constitution of this State. By the first section of the fourth article of the Constitution of this State it is provided, that: "The legislative power shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives. The Constitution then provides for the manner of organizing the General Assembly, the qualification of its members, and the mode and manner by which laws shall be adopted, &c.

It is admitted, I think, by all, that this power to legislate and enact laws cannot be delegated by the General Assembly to any other body; or, in other words, that there can be no statute or law passed without the will of the General Assembly of the State, expressed in the required form. I think that the law under consideration, attempts to delegate legislative power to the different counties of the State, and that the law has no vitality as a rule of civil conduct for the people, nor as the express written will of the General Assembly; but that it remains dormant until vitalized by the action of the different counties.

After the act has provided for the manner in which the vote of the different counties may be taken "for Township Organization or against Township Organization," the fourth section reads as follows: "If it shall appear by the returns of said election, that a majority of the legal voters of the county voting at said election are for Township organization, then the county so voting in favor of its adoption, *shall be governed by, and subject to, the provisions of this act* on and after the first Tuesday of April next succeeding." (The italics in this section are mine, as they are not italicized in the act.)

The last section in the act is as follows: "This act shall apply to and be in force in all counties adopting the act to provide for Township Organization, and take effect from and after its passage." The question now is, in view of these two sec-

tions, from whence does this act receive its vital force? Not from the Legislature, for it will be seen that it would remain as dormant as the parchment upon which it is written for all time, unless some county should adopt it and give it vitality, and then it would only have force in the county that adopts it. But it is said, that the act is, by virtue of this last section, in force from its passage, and that it only remains for the counties to organize under the act as passed by the Legislature. In my opinion, this cannot be true; no county can organize under this act until it shall have first adopted it. The last section specifically states, that the act shall apply to, and be in force, in all counties adopting the act, &c., and, as before stated, if no county should ever adopt it, it would remain a dead letter for all time to come. I admit that the act is in force from its passage for one purpose, and one purpose only. That purpose is to transfer the power, to adopt the act, from the General Assembly to the various counties in the State. This, in my opinion, is to delegate to the counties legislative power, and the act is therefore in violation of the Constitution. To illustrate this matter, suppose that in some county, where this law shall have been adopted, some one violated some of the provisions of the law. How could such an one be convicted without first producing in court the records of the County Court, not merely to prove that the county was organized under the township act, but the first step would be to prove that the county had adopted the law. You would not go to the legislative records, or the statute passed by the General Assembly, to find whether there was such a law in force as the party was accused of violating, but you could only ascertain this fact from the records of the county. Then, I would ask, which puts this law in force, the will of the General Assembly, or that of the particular county? I think I am fully sustained in the view I have taken of this case by the arguments, as well as the facts, in the case of The State vs. Field, 17 Mo., 529, as well as by other cases to which I might refer. I know that, in the case of the State on the relation of Dome, *et al.* vs. Wilcox, 45 Mo., 458, a different conclusion seems to have

been arrived at. But I am asked for my opinion in reference to the law under consideration, and I could do nothing but give the conviction of my own mind, which I have done. I did not commence to make an argument, but simply to answer the questions propounded. I will, therefore, conclude by expressing my sincere regret at not being able to agree with my brother judges (for whose opinions I have the very highest respect) in reference to the question submitted.

Very Respectfully,

H. M. VORIES,

One of the Judges of the Supreme Court.