In re W. E. POINDEXTER v. PETTIS COUNTY, Appellant.

**In Banc, December 6, 1922.**

1. **STATUTE: To Take Effect Upon Future Event.** The Legislature may enact a valid statute to become effective on the happening of a future contingency, and it makes no difference what the contingency is if it be a moral and legal one and not opposed to sound policy.

2. ————: **Act of 1921: Repeal of Former Statutes: Probation Officer: Compensation.** The Act of 1921 (Laws 1921, pp. 586 et seq.) repealed Section 1144, Revised Statutes 1919, which provided for the appointment of a probation officer, and transferred to the Superintendent of Public Welfare appointed by the county court all the duties which had previously devolved upon such probation

officer, and after such appointment the probation officer was not entitled to compensation for subsequent services rendered, neither did he have any legal authority to render such services.

Appeal from Pettis Circuit Court.—*Hon. Hopkins B. Shain,* Judge.

REVERSED.

*D. S. Lamm,* Prosecuting Attorney, and *John D. Bohling* and *Henry Lamm* for appellant.

(1)   The court erred in refusing appellant's peremptory instruction.   (a)   The action of the County Court in appointing White superintendent of public welfare of the county, terminated the respondent's term as probation officer.   Laws 1921, p. 586.   (b)   There was no delegation of legislative power.   The rule is firmly established that the Legislature may pass a law to take effect or go into operation on the happening of a future event or contingency.   State ex rel. Maggard v. Pond, 93 Mo. 621.   (c)   It makes no difference what the nature of the contingency is, so that it be a moral and legal one, not opposed to sound policy.   State v. Parker, 26 Vt. 357; Smith v. Janesville, 26 Wis. 291; State ex rel. v. O'Neil, 24 Wis. 149; State v. Noyes, 10 Fost (N. H.) 293; Hobart v. Supervisors, 17 Cal. 32, 33; Locke's Appeal, 13 Am. Rep. 719, 720; St. Louis v. Alexander, 23 Mo. 483; Township Organization Law, 55 Mo. 295; State ex rel. v. Mayor St. Joseph, 37 Mo. 270; State v. Binder, 38 Mo. 450; State v. Winkelmeier, 35 Mo. 103; State ex rel. v. Wilcox, 45 Mo. 458.   Upon principle it makes no difference whether it is expressed by a ballot or at an election or in the form of a petition or certificate or appointment.   State ex rel. v. Ct. Com. Pleas, 13 Am. Rep. 424; 23 Am. Eng. Ency. Law, p. 404.   (d)   The legal effect of the appointment of White was to automatically suspend the term of office of Poindexter, who was appointed under Section 1144, Revised Statutes 1919, as proba-

tion officer. All the duties devolving upon Poindexter as probation officer, by the Act of 1921 were transferred to White. State ex rel. Norris v. Seattle, 74 Wash. 199; Donaghy v. Macy, 167 Mass. 178. (2) Officers created by the Legislature are not held by grant or contract; nor has any person a private property or vested interest in them, and they are therefore liable to such modifications and changes as the law-making power may deem it advisable to enact. State ex rel. v. Davis, 44 Mo. 129; Gregory v. Kansas City, 244 Mo. 523, 548; 23 Am. & Eng. Ency. Law, 404. A later statute repugnant to a former one, or covering the whole subject-matter covered by a former one, is a repeal thereof. Grimes v. Reynolds, 184 Mo. 679; Hamilton v. Rathbone, 175 U. S. 149; Sutherland on Stat. Constr., sec. 252; Smith v. State, 14 Mo. 147; Grimm v. Jones, 115 Mo. App. 597; State v. Crane, 202 Mo. 54; Hudson v. Wright, 204 Mo. 412; State ex rel. v. Shields, 230 Mo. 91.

*Paul Barnett* for respondent.

(1) The cardinal principle of construction that must be observed in determining whether or not the office of probation officer has been abolished is that the court will determine and declare the intention of the Legislature. 36 Cyc. 1103. (2) Statutes shall be so interpreted as to give all parts thereof some meaning; in other words, effect should be given to the entire statute. 36 Cyc. 1128. And to every word, clause and sentence. Strattman v. Railway Co., 211 Mo. 227; State v. Harter, 188 Mo. 516. And relative and qualifying terms must be regarded in determining the extent of the operation of the statute. 36 Cyc. 1123. And the express mention of one meaning impliedly excludes any greater meaning. 36 Cyc. 1122. (3) It is admitted that the Legislature had the power to abolish the office of probation officer before the expiration of the term of the present incumbent. But the Legislature in this case did not attempt to do so. It is also ad-

mitted that the Legislature had power to create the office of superintendent of public welfare and leave the filling of the office to the county court by appointment. But the Legislature did not have the power to delegate to the county court the right to abolish the office of probation officer of Pettis County. The power to create and the power to abolish public offices can only be exercised by the Legislature, although the power to fill offices that are established may be delegated. State v. Sawyer Co.. 140 Wis. 634; Richter v. Chahan County, 91 S. E. 35; State v. Baum, 33 La. Ann. 981; State v. Field, 17 Mo. 529. (4) If the Legislature had intended to legislate the probation officers of the various counties out of office before their terms expired, they would either have provided that the offices of probation officers were abolished in express terms, or they would have said nothing at all about what effect the new act would have upon the offices of probation officers. In the latter case, the act to effect a repeal would have to be so inconsistent with the former act creating the offices of probation officers that the two could not stand together. Implied repeals are not favored. "When two statutes cover in whole or in part the same matter, and are not absolutely irreconcilable, no purpose of repeal being clearly shown, the court, if possible, will give effect to both." 36 Cyc. 1077. If the court should hold that the Act of 1921 creating the office of superintendent of public welfare by implication repealed the Act of 1917 creating the office of probation officer, then no effect whatever could be given to that part of the Act of 1921 which provides that no other or different probation or patrol officer shall be appointed by the juvenile court.

WOODSON, C. J.—This case originated in the County Court of Pettis County by the plaintiff filing therein a claim for $75 as salary and $4.20 as necessary expenses incurred for the month of September, 1921, claimed to be due him as salary and expenses as probation officer of the juvenile court of said county.

The claim was disallowed by said court, and he appealed the case to the circuit court of said county, where it was duly allowed and in due time and proper form the case was appealed to this court.

The case was tried in the circuit court on an agreed statement of the facts of the case, which statement was as follows:

On June 14, 1917, during the June term of the Criminal Court of Pettis County, the respondent was duly appointed by said court as probation officer under an act of the Legislature approved April 10, 1917, and entitled, "Delinquent and Neglected Children," Laws 1917, p. 195, now Sections 1134 to 1152 inclusive, Revised Statutes 1919; that the respondent had the statutory requirements for said position; that the order of said appointment took effect September 1, 1917, and that on said date the respondent duly qualified by taking the oath of office and entered upon his official duties; that his salary was fixed at fifty dollars per month, payable monthly and was paid to him each month continuously up to December 1, 1918; that during the regular November term of said court, his salary was increased to seventy-five dollars per month, payable monthly, beginning December 1, 1918; that these salaries were authorized by the County Court of Pettis County; that the salary of seventy-five dollars per month was paid to him each month continuously up to September 1, 1921, at which latter date the County Court of Pettis County failed and refused to continue the payment of seventy-five dollars per month for his services as probation officer, and that he has not received any compensation whatever from Pettis County, since September 1, 1921; that he has performed the duties of probation officer of Pettis County from the date of his appointment, September 1, 1917, continuously, to the date of the signing of this stipulation, which was the 9th day of December, 1921; that he has not been removed for cause or for any reason from such office by the judge of the Circuit Court of Pettis County.

That on August 22, 1921, the County Court of said county appointed one A. J. White public welfare superintendent of said county under the Laws of Missouri of 1921, p. 586 et seq., and fixed his salary at fifteen hundred dollars per annum, payable monthly; that said White accepted said appointment, took the oath of office and was duly commissioned, and since the ——— day of August, 1921, continuously, until the 9th day of December, 1921, has performed the duties of superintendent of public welfare of Pettis as prescribed by the Act of 1921, including the duties prescribed by statute and including "all the powers and duties now conferred by law upon the probation or parole officer of such county," in so far as he was permitted to do so by the acts and conduct of W. E. Poindexter, respondent herein; that said White possessed all the qualifications required by statute for said office and has continuously since his appointment served as such.

That on October 1, 1921, the relator filed for allowance his claim of seventy-five dollars as salary for the month of September, 1921, and a claim of four dollars and twenty cents for necessary expenses for such office incurred by him during the month of September.

That the claim of Poindexter, the respondent, for salary, services and expenses for the month of September, 1921, occurred after the appointment, qualification and commission of A. J. White, and while White was performing the duties of the office aforesaid; that Pettis County has less than fifty thousand inhabitants; that the respondent has not been paid a salary or expense account for the month of September, 1921.

The appellant requested the court to make findings of fact in writing, which the court did and which findings of fact virtually follow the stipulation, except that he found the appellant was indebted to the respondent for the services and in the sums claimed.

There was no oral evidence introduced at the trial.

At the close of the trial, appellant asked and the court refused a peremptory instruction. The court then

found its conclusions of law as requested in writing, which were, in substance, as follows:

That the Act of the Legislature approved March 31, 1921, under which White was appointed superintendent of public welfare is a valid act and is in full force and effect. The court further declared that the terms of office of a probation officer of Pettis County, Missouri, appointed under the Act of 1917, is co-extensive with the term of office of the circuit judge who appointed him, and that the term of office of W. E. Poindexter terminates on January 1, 1923; that the probation officer can be removed before January 1, 1923, for cause.

The court further declared the law to be that the Circuit Court of Pettis County, Missouri cannot appoint a successor in office to W. E. Poindexter, the present probation officer of Pettis County, Missouri, and further that the Legislature of the State of Missouri cannot delegate the power to abolish the probation officer of Pettis County, previously appointed by the Circuit Court of Pettis County, and that the appointment in August, 1921, of A. J. White by the County Court of Pettis County did not abolish the office of probation officer as long as there was a probation officer in Pettis County holding such office, who had been previously appointed and whose term had not expired and who had not been removed.

The court further declared the law to be that the Legislature has power to abolish the office of probation officer created by the Act of 1921 before the term of office of probation officer appointed under the Act of 1917 has expired, but that the Legislature cannot delegate the power to abolish such office to the county court.

The court further declared the law to be that the Legislature by the Act of 1921 did not intend to delegate the power to terminate the office of any probation officer to any county court.

The court further declared the law to be that after the county court had appointed a public welfare officer of the county the circuit court had no power to appoint a probation officer already appointed, and that after such appointment of a superintendent of public welfare of the county, then upon the expiration of the term or death or resignation or removal from office of the probation officer of the county already appointed by the county court of the county, said office would cease to exist; that after the appointment of a superintendent of public welfare of a county and before the expiration of the term, removal or resignation or death of the probation officer of such county already appointed, the superintendent of public welfare and the probation officer have concurrent jurisdiction to perform all the duties and exercise all the powers of a probation officer as provided by the Act of 1917.

Whereupon the court rendered judgment for the respondent for $79.20.

There is no merit in the contention that the act under which White was appointed Superintendent of the Public Welfare was a delegation of legislative authority. The law is well settled that the Legislature may enact a law to become effective on the happening of a future contingency. [State ex rel. Maggard v. Pond, 93 Mo. 606, l. c. 621.]

It makes no difference what the nature of the contingency is, so that it be a moral and legal one, not opposed to sound policy. [State v. Parker, 26 Vt. 357; Smith v. Janesville, 26 Wis. 291; State ex rel. v. O'Neill, 24 Wis. 149; State v. Noyes, 30 N. H. 293; Hobart v. Supervisors, 17 Cal. 32, 33; Locke's Appeal, 13 Am. Rep. 719, 720; St. Louis v. Alexander, 23 Mo. 483; Township Organization Law, 55 Mo. 295; State ex rel. v. Mayor of St. Joseph, 37 Mo. 270; State v. Binder, 38 Mo. 450; State ex rel. v. Wilcox, 45 Mo. 458; Grimes v. Reynolds, 184 Mo. 679; Hamilton v. Rathbone, 175 U. S. 419; 1 Sutherland on Stat. Constr., sec. 252; Smith v.

State, 14 Mo. 147; Gumm v. Jones, 115 Mo. App. 597; State v. Crane, 202 Mo. 54; Hudson v. Wright, 204 Mo. 412; State ex rel. v. Shields, 230 Mo. 91; State v. Winkelmeier, 35 Mo. 103.]

So as justly contended for by counsel for the appellant, the legal effect of the appointment of White was to automatically suspend the term of office of Poindexter, who was appointed under Section 1144, Revised Statutes 1919, as probation officer. All the duties devolving upon Poindexter as probation officer, by the Act of 1921, supra, were transferred to White. [State ex rel. Voris v. Seattle, 74 Wash. 199; Donaghy v. Macy, 167 Mass. 178.]

And under the decisions of this State, as was held in the case of State v. Roller, 77 Mo. 120. ''A statute revising the whole subject-matter of a former statute and evidently intended as a substitute for it, although it contains no express words to that effect, repeals the former.'' The following cases also decide the same point: State ex rel. v. Patterson, 207 Mo. 129, l. c. 145; Yall v. Gillham, 187 Mo. 393, l. c. 405; Delaney v. Police Court, 167 Mo. 667, l. c. 676; Meriwether. v. Love, 167 Mo. 514, l. c. 521; Kern v. Legion of Honor, 167 Mo. 471, l. c. 484; State v. Summers, 142 Mo. 586, l. c. 591.

Under the rulings announced in these cases, unquestionably it was the intention of the Legislature by the Act of 1921 to repeal Section 1144, Revised Statutes 1919.

It necessarily follows from what has been said that the respondent was not an office-holder under the laws of this State at the time for which he claims to have rendered the services sued for. He was therefore not entitled to the salary for which he sued.

For the reasons stated the judgment of the circuit court is reversed and it is ordered that respondent's account be disallowed. All concur.