STATE OF MISSOURI EX REL. LON O. HOCKER, FREDERICK H. KREIS-MANN, DANIEL BARTLETT, NICOLA P. ZIMMER and VICTOR J. MILLER, constituting the BOARD OF POLICE COMMISSIONERS of the City of St. Louis, and LORETTA STUSSIE v. LOUIS NOLTE, Comptroller of the City of St. Louis.—48 S. W. (2d) 916.

Court en Banc, April 12, 1932.

*Polk & Williams* for relator.

*Julius T. Muench, Oliver Senti* and *Leonard J. Holland* for respondent.

HENWOOD, J.—This is an original proceeding in mandamus by which relators, the members of the board of police commissioners of the city of St. Louis and the widow of a deceased police officer, seek to compel respondent, as comptroller of the city, to audit and approve a voucher for $2,160, covering a relief and compensation award by said board to said widow, and to draw his warrant on the treasurer of the city therefor.

Our alternative writ has been issued, respondent has filed his return, and relators have filed a motion for judgment on the pleadings.

It is recited in the alternative writ and admitted in respondent's return that Harry J. Stussie served continuously as a police officer of the city of St. Louis from November 22, 1926, until March 14, 1931; that he was struck by an automobile truck on March 14, 1931, while engaged in the performance of his official duties, and received injuries which resulted in his death on the following day; that he left surviving him his widow, Loretta Stussie, and five minor children, who were dependent upon him for support; that on March 27, 1931, the board of police commissioners of the city, acting under the purported authority of Section 7547, Revised Statutes 1929, and a rule or regulation of the board based on said statute, awarded to his widow the sum of $2,160, the equivalent of her deceased husband's salary for twelve months, as relief and compensation; that on March 30, 1931, a voucher covering said award was issued; and that respondent, as comptroller of the city, refused to audit and approve said voucher and to draw his warrant on the treasurer of the city therefor. It is also stated in respondent's return, and not denied by relators, that on April 10, 1931, the board of trustees of the police retirement or pension system of the city of St. Louis awarded to the widow of Harry J. Stussie a pension of $84.92 per month, and that she has received said pension ever since, under the provisions of the St. Louis Police Retirement or Pension System Law of 1929.

As a defense to this proceeding, respondent asserts in his return, and in his brief, that the St. Louis Police Retirement or Pension System Law of 1929 repealed that part of Section 7547, Revised

Statutes 1929, which purports to authorize the board of police commissioners of the city of St. Louis to make rules and regulations for the relief and compensation of police officers injured while in the discharge of their duties and the families of police officers killed while in the discharge of their duties.

Section 7547, Revised Statutes 1929, among other things, says: "The boards of police are hereby authorized to make all such rules and regulations, not inconsistent with this article, or other laws of the State, as they may judge necessary, for the appointment, employment, uniforming, discipline, trial and government of the police and *for the relief and compensation of members of the police force injured in person or property in the discharge of their duties, and the families of the officers of men killed while in such discharge of duty*: *Provided, that the allowance shall not exceed, in any one instance, twelve months' pay.*" (Our italics.)

The provision in this section "for the relief and compensation of members of the police force injured in person or property in the discharge of their duties, and the families of the officers or men killed while in such discharge of duty" was a part of the original St. Louis Metropolitan Police Act of 1861 (Laws 1860-1, p. 450, sec. 10), and repealed by the St. Louis Police Pension Act of 1891, and made a part, in amended form, of said Act of 1891 and of the St. Louis Police Pension Act of 1895 (Laws 1891, p. 185, sec. 11, Laws 1895, p. 234, sec. 11), and reenacted in its original form as a part of the new St. Louis Metropolitan Police Act of 1899 (Laws 1899, p. 56, sec. 9), and in its original form has been ever since a part of the St. Louis Metropolitan Police Law in succeeding revisions of our statutes. [Sec. 6216, R. S. 1899; Sec. 9809, R. S. 1909; Sec. 8957, R. S. 1919; Sec. 7547, R. S. 1929.]

In 1929, the Legislature enacted what is known as the St. Louis Police Retirement or Pension System Law, entitled, in part, "An act to provide for the creation, maintenance and administration of a police retirement or pension system in all cities of this State that now have or may hereafter attain a population of five hundred thousand inhabitants or more; . . . " [Laws 1929, p. 300.] This law now constitutes Article 2 of Chapter 51 of the Revised Statutes of 1929, and includes Sections 8906 to 8918.

It seems advisable to quote certain sections and certain part of other sections of this law, as follows:

"Sec. 8908. Membership.—(1) All persons who become policemen and all policemen who enter or re-enter the service of the said cities after the date the retirement system begins operation shall become members as a condition of their employment and *shall receive no pension or retirement allowance from any other pension or retire-*

ment system supported wholly or in part by the said cities or the State of Missouri, nor shall they be required to make contributions under any other pension or retirement system of the said cities or the State of Missouri, anything to the contrary notwithstanding.

"(2) All policemen in service on the date as of which the retirement system becomes operative shall become members as of that date unless prior thereto, any such policeman shall file with the board of trustees on a form prescribed by such board, a notice of his election not to become a member of the retirement system and a duly executed waiver of all present and prospective benefits which would otherwise inure to him on account of his participation in the retirement system. . . .

"Sec. 8910. Administration.—(1) The general administration and the responsibility for the proper operation of the retirement system and for making effective the provisions of this article are hereby vested in a board of trustees of seven persons. The board shall be constituted as follows:

"(a) The president of the board of police commissioners of said cities, ex officio.

"(b) The comptroller of the said cities, ex officio.

"(c) Two members to be appointed by the mayor of said cities. . . .

"(d) Three to be elected by the members of the retirement system of said cities. . . .

"(6) Subject to the limitations of this article, the board of trustees shall, from time to time, establish rules and regulations for the administration of funds created by this article and for the transaction of its business.

"Sec. 8911. Benefits.

"(1) Service retirement benefit: . . .

"(3) Ordinary disability retirement benefit: . . .

"(5) Accidental disability benefit: . . .

"(8) Ordinary death-benefit: . . . .

"(9) Accidental death-benefit: Upon the receipt by the board of trustees of proper proofs of the death of a member in service there shall be paid to his designated beneficiary, or to his estate, the amount of his accumulated contributions and *if, upon the receipt of evidence and proof that such death was the natural and proximate result of an accident occurring at some definite time and place while the member was in the actual performance of duty, the board of trustees shall decide that death was the result of an accident in the performance of duty and not caused by negligence on the part of the member, there shall be paid in lieu of the ordinary death benefit provided in subsection (8), paragraph (b) above, a pension of one-half of the average final compensation of such employee:*

"(a) *To his widow to continue during her widowhood;* or

"(b) If there be no widow, or if the widow dies or remarries before any child of such deceased member shall have attained the age of sixteen years, then *to his child or children under said age,* divided in such manner as the board of trustees in its discretion shall determine to continue as 'a joint and survivor pension of one-half of his final compensation until every child dies or attains said age, or

"(c) If there be no widow or child under the age of sixteen years surviving such deceased member, then to his dependent father or dependent mother as the deceased member shall have nominated by written designation duly acknowledged and filed with the board of trustees or if there be no such nomination then to his dependent father or his dependent mother as the board of trustees in its discretion shall direct, to continue until remarriage or death.

"(d) If there be no widow, children under the age of sixteen years or dependent parent surviving such deceased member, the death shall be treated as an ordinary death case and the benefit payable in accordance with the provisions of subsection (8), paragraph (b)." (Our italics.)

The St. Louis Police Retirement or Pension System Law of 1929, as indicated by the provision thereof above quoted, is a comprehensive police pension law, and provides for service retirement benefits, ordinary disability retirement benefits, accidental disability benefits, ordinary death benefits and accidental death benefits. The provision in Section 7547, Revised Statutes 1929, in so far as it relates to the "relief and compensation of members of the police force injured in person . . . in the discharge of their duties, and the families of the officers or men killed while in such discharge of duty," is, in the very nature of it, a provision for the payment of a pension to police officers injured in the discharge of their duties, and the families of police officers killed in the discharge of their duties. ■ "In the eye of the law, a pension is: 'A stated allowance out of the public treasury granted by government to an individual, or to his representatives, for his valuable services to the country, or in compensation for loss or damage sustained by him in the public service.' [Bl. L. Dict. (2 Ed.), *tit.* 'pension.']" [State ex rel. v. Kimmel, 256 Mo. l. c. 631, 165 S. W. l. c. 1072.] ■ Indeed, as shown above, the provision in Section 7547, Revised Statutes 1929, was taken out of the original St. Louis Metropolitan Police Law in 1891, and made a part, in amended form, of the St. Louis Police *Pension* Acts of 1891 and 1895, and reenacted in its original form as a part of the new St. Louis Metropolitan Police Law in 1899, of which it has been ever since a part. That part of the provision in Section 7547, Revised Statutes 1929, which relates to the "relief and compensation of mem-

bers of the police force injured in person . . . in the discharge of their duties,'' is repugnant to and in conflict with that part of Section 8908, Revised Statutes 1929 (a part of the St. Louis Police Retirement or Pension System Law of 1929), which says that police officers ''shall receive no pension or retirement allowance from any other pension or retirement system supported wholly or in part by the said cities or the State of Missouri.'' Moreover, the St. Louis Police Retirement or Pension System Law of 1929 revises the whole subject-matter of that part of the provision in Section 7547, Revised Statutes 1929, which relates to the ''relief and compensation of members of the police force injured in person . . . in the discharge of their duties, and the families of the officers or men killed while in such discharge of duty,'' and said Retirement or Pension System Law of 1929 provides specifically, in subdivisions 5, 6 and 7 of Section 8911, for the payment of accidental disability benefits to police officers injured while in the performance of duty, and provides specifically, in subdivision 9 of Section 8911, for the payment of accidental death benefits to the families of police officers killed while in the performance of duty. ■ For these reasons, we hold that the former provision, in Section 7547, Revised Statutes 1929, in so far as it relates to the ''relief and compensation of members of the police force injured in person . . . in the discharge of their duties, and the families of the officers or men killed while in such discharge of duty,'' was repealed by the later provisions of the St. Louis Police Retirement or Pension System Law in 1929, although the later law contains no express words to that effect. To put it in another way, the law-makers evidently intended that the later provisions for the relief of police officers injured while on duty, and for the relief of the families of police officers killed while on duty, should supersede the former provision for such relief, and, therefore, the former provision was impliedly repealed by the enactment of the later provisions. [25 R. C. L. pp. 920-922, secs. 170-172; Smith v. State, 14 Mo. 111; State ex rel. v. Draper, 47 Mo. 29; State v. Roller, 77 Mo. 120; In re Poindexter v. Pettis County, 295 Mo. 629, 246 S. W. 38; State ex rel. v. Buckner, 300 Mo. 359, 254 S. W. 179.] The provision in Section 7547, Revised Statutes 1929, having been repealed in 1929, the board of police commissioners of the city of St. Louis was without authority in 1931 to make the relief and compensation award in question, and, of course, we will not, by a mandate of this court, compel respondent, as comptroller of the city, to audit and approve the voucher covering such award and to draw his warrant on the treasurer of the city therefor.

Thus disposing of this case, we need not consider respondent's challenge of the constitutionality of the provision in Section 7547,

Revised Statutes 1929, or the other defenses set forth in his return to the alternative writ.

It follows that relators' motion for judgment on the pleadings should be overruled, and that the alternative writ should be quashed. It is so ordered. All concur.