

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~WILLIXXON~~
ATTORNEY GENERAL

Honorable J. E. McDonald, Commissioner
Department of Agriculture
Austin, Texas

Dear Sir:

Opinion No. 0-4018
Re: Will the rice tax be collectible
on rice milled after August 1st
regardless of the fact that the
effective date of the tax Act is
established as October 2nd?

We are in receipt of your letter of September 19, 1941, in which you request the opinion of this department on the facts set out therein as follows:

"The states of Louisiana, Arkansas and Texas have enacted laws providing for the creation of Rice Commissions carrying provisions for the collection of a tax to be paid by millers processing rice. The tax collected to be used for advertising purposes to promote the consumption of the product.

"The Louisiana and Arkansas Acts are now in force, however, the Texas Act does not go into effect until October 2. Under both the Louisiana and Arkansas Acts, it seems that the taxes levied are now collectable. We wish to have you advise this Department on the following.

"The Texas Law provides that rice milled after August 1, shall be taxed, however the Act does not become effective until October 2. Will the tax be collectable from and after August 1, regardless of the fact that the effective date is established as October 2?"

The Texas Rice Development Law was enacted as House Bill 136, Acts of the Forty-seventh Legislature, Regular Session, 1941, and the same was placed in the Revised Civil Statutes of Texas as Chapter 12, Article 165-5 of Title 4.

In your letter you state that the law provides that rice milled after August 1st shall be taxed, and that the Act

does not become effective until October 2nd.  The sections of the Act levying the tax are Sections 5 and 6 and they read as follows:

"Sec. 5.  That there is hereby levied a processing tax of Two (2) cents per hundred pounds on all milled rice which is milled or processed in the State of Texas which may be produced from rice grown in the State of Texas by the process of hulling the rice and removing the germ and bran, or any other process which may hull, clean, or mill rice, whether whole or broken, coated or uncoated, so as to render the product into the condition of 'milled rice' as that term is defined herein.  This Act shall also include and such tax shall be paid on all rice grown outside the State of Texas which may be processed or milled by a Texas rice miller, as that term is defined herein; provided further that this tax is and shall be on the act of milling the rice, and in no manner is it or shall it be construed as an occupation tax.

"Sec. 6.  That said tax shall be paid by all rice millers in the State of Texas for all rice milled in the State of Texas and shall be payable within the first ten (10) days of each month for all rice milled during the preceding calendar month, which tax shall be remitted direct to the Rice Development Commission hereby created.  Any rice miller failing to pay said tax within the time specified and as herein required shall pay a penalty of ten (10) per cent of the amount due, plus one per cent per month for each and every month in which said tax is not paid.

"Should any miller collect any such tax or part thereof from a grower, as such are defined in this Act, he shall be guilty of a misdemeanor and upon conviction therefor, be punished by a fine of not less than Twenty-five Dollars ($25) nor more than One Hundred Dollars ($100)."

It is apparent that the above quoted sections of the Rice Development Law do not set any date when the rice will first be taxed.  However, the Legislature in Sections 13 and 14 of the Act provided as follows:

"Sec. 13.  That this Act shall become effective on the first day of August after the Leg-

islature of Louisiana and Arkansas shall have adopted a similar statute, assessing a tax of not less than Two (2) cents per one hundred (100) pounds of milled rice which may be milled in said States, and creating similar commissions, boards, departments, or other authorities with similar powers and purposes. The provisions of this Section and of Section 4 and Section 7, or any other Section or part of this Act in which the validity of such Act depends upon, or is connected with, similar action by the Legislatures of Louisiana and Arkansas, shall be satisfied by the creation and vesting of such authority in any state officer, board, commission, department, or other authority in the States of Louisiana and Arkansas, providing the same powers are delegated to such officer, board, commission department, or other authority, and providing that a tax is levied of not less than the amount levied herein for such purposes.

"Sec. 14. That the creation of a Rice Development Commission for the State of Louisiana, levying the same tax as herein levied in this State, for the same powers and purposes, and vesting the authority of the Rice Development Commission for Louisiana, under Act No. 112 of the 1940 Legislature, in the Department and Director of the Department of Agriculture, the Department and Director of the Department of Finance, and the Department and Director of the Department of Revenue for the State of Louisiana created by Act No. 47, and Act no. 48 of the 1940 Legislature, is within the terms of this Act, so that this Act shall become effective on the first day of August after the Legislature of Arkansas shall have adopted a Statute similar in purpose to this Act, or to Act No. 112 of the 1940 Legislature of the State of Louisiana, and levied a tax of not less than Two (2) Cents per hundred pounds of milled rice for similar purposes."

In effect the Legislature has provided that the Texas law should become effective on the happening of a contingency -- that is on the first day of August after the Legislatures of Louisiana and Arkansas shall have enacted similar laws. In Section 14 it is stated that the State of Louisiana has enacted such a similar law. Under the facts you submitted the State of Arkansas also prior to August 1, 1941, enacted a law in con-

formity with the provisions of the Texas Rice Development Law which under the wording of Sections 13 and 14 of the Texas law would make the Texas Rice Development Law effective as of August 1, 1941.

Section 17 of the Act declared an emergency and provided that the Act should take effect from and after its passage.

In the case of People v. San Bernandino High School Dist., 216 P. 959, the court stated as follows:

"It is well settled that a statute may be so drawn that upon the happening of some prescribed contingency it shall become operative, or, that it may remain in force until abrogated for like reason."

To the same effect see the cases of Le Page v. Bailey, 170 S.E. 457, and Poindexter v. Pettis County, 246 S.W. 38.

Article III, Section 39, of the Constitution of Texas, provides as follows:

"No law passed by the Legislature, except the general appropriation act, shall take effect or go into force until ninety days after the adjournment of the session at which it was enacted, unless in case of an emergency, which emergency must be expressed in a preamble or in the body of the act, the Legislature shall, by a vote of two-thirds of all the members elected to each House, otherwise direct; said vote to be taken by yeas and nays, and entered upon the journals."

According to the records House Bill 136, the Act in question, did not receive a vote of two-thirds of all of the members elected to each House of the Texas Legislature. Therefore Section 39 is applicable and the Texas Rice Development Law, because of such constitutional provision, could not go into effect until ninety days after the adjournment of the session at which it was enacted which effective date was October 2, 1941. While the Legislature has the authority to set a specific date at which an Act it passes shall become effective which date is subsequent to ninety days after the adjournment of the session at which the act was enacted, as held in the case of Rudco Oil & Gas Co. v. Lemasters, 146 S.W. (2d) 806, it is our opinion that Section 39 of Article III of the Constitution of Texas prohibits the Legislature from in any manner making a law become effective before ninety days

after the adjournment of the session if said bill upon passage does not receive a two-thirds vote of the members elected to each House of the Legislature.  In discussing the above quoted constitutional provision the Supreme Court of Texas in the case of Missouri K. & T. Ry. Co. of Texas v. State, 100 S.W. 766, the court stated as follows:

> ". . . The words, 'or go into force,' used in our Constitution, emphasizes the idea that the law is without vitality until the 90 days shall expire."

It is the opinion of this department that Sections 13 and 14 which in effect attempts to set the effective date of House Bill 136 as August 1, 1941, violates Section 39 of Article III of the Constitution of Texas.

We call your attention, however, to Section 15 of said Act.  Said Section reads as follows:

> "That if any word, phrase, sentence, para-graph, or portion of this Act shall be unconsti-tutional, it shall not affect the validity of the remaining portions of this Act, but the same shall be construed to be effective, as though the unconstitutional word, phrase, sentence, paragraph, or portion thereof were eliminated."

Without any specific provision in the Texas Rice Develoment Law as to when the same shall become effective said Act would become effective on October 2, 1941.  It is the opinion of this department that because of the above reasons the sections of the Act purporting to set an effective date are in-operative and the Act in question becomes effective October 2, 1941, and that the tax applies only to rice milled after such effective date.

In this opinion we are not passing upon the constitu-tionality of the Texas Rice Development Law but are confining our opinion to the question asked-- that is whether or not rice milled between August 1, 1941, and October 2,1941, is sub-ject to  the tax levied therein.

Yours very truly

BG:LM:wc

ATTORNEY GENERAL OF TEXAS

APPROVED OCT. 9, 1941
s/Grover Sellers
FIRST ASSISTANT                By s/Billy Goldberg
ATTORNEY GENERAL                  Billy Goldberg
                                    Assistant